## BYINGTON V. HAMPTON *et al.*

1. REDEMPTION: CITY TAXES. The owner of real estate sold for taxes is not required to pay to the purchaser, in order to redeem, the subsequent taxes for city purposes paid thereon by such purchaser: following *Byington* v. *Rider*, 9 Iowa, 566.

2. REPORT OF MASTER IN CHANCERY. An order referring a chancery cause was as follows: "On motion and consent, this cause is referred to S. H. L., as commissioner, to examine and report his conclusions, under the rules of practice of this Court." *Held*, that the commissioner was not required to write out and report the evidence of each witness, in the language in which it was submitted; and that a statement of his conclusions drawn from the evidence was sufficient.

3. REDEMPTION: ACCEPTANCE. An acceptance by the purchaser of the amount paid by the owner of real estate sold for taxes, to the Treasurer for the purpose of redeeming the same, operates as a ratification of the act of the Treasurer in issuing a certificate of redemption.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 8.

ACTION to foreclose a tax title. Defendants answered, admitting the tax sale, and alleging that the premises had been redeemed, on the 14th day of March, 1857, by one W. H. Woods, then claiming an interest therein, by the payment of taxes then due on said property, and by the payment to Thomas Hughes, the treasurer of Johnson County, the amount of taxes for which said land had been sold, the cost of such sale, and the interest which had accrued thereon, up to the time of redemption, which amounts were received by the plaintiff from the treasurer in full satisfaction of his lien upon said premises. To this there was a replication in denial. The other material facts are stated in the opinion of the court.

*Le Grand Byington*, *pro se*, argued, that school and road taxes, levied by authority of the State, and paid into the city treasury for convenience, were not within the scope of

the ruling in *Byington* v. *Bookwalter*, 7 Iowa, 512; and *Byington* v. *Rider*, 9 Id. 566.

*Clark & Bro.*, for the appellee, relied upon *Byington* v. *Rider*, 9 Iowa, 566.

BALDWIN, C. J. — I. Upon the authority of *Byington* v. *Rider*, 9 Iowa, 566, the defendant, in redeeming under a tax sale, was not required to refund money paid for subsequent taxes for city purposes.

II. The exceptions of plaintiff to the report of the Commissioner were properly overruled by the court. The order of reference is as follows : "On motion and consent, this cause is referred to T. H. Lee, as commissioner, to examine and report his conclusions, under the rules of practice of this court." It is objected that the commissioner does not report the testimony in full that was taken before him, but that there is a mere abstract of the same, that instead of its being written out and subscribed and sworn to by the witnesses, it appears in the form of a mere statement by the master of its import as he understands it. The report follows the order of the court, and in this respect it is sufficient.

III. We find, from a computation of the amount of taxes, interest and costs due upon the lots sold, that the defendant paid in a sufficient sum for the purpose of redemption, and that the report of the commissioner is not subject to the exception of plaintiff, upon this ground. Again, the complainant accepted of the amount of the redemption money paid in by the defendant, and by this act he ratified the act of the treasurer in issuing the certificate of redemption.

Affirmed.