LEW   E.   DARROW,   Appellee,   v.   UNION   COUNTY,
Appellant.

Tax Sale : PARTIAL REDEMPTION: ACCEPTANCE OF MONEY BY PURCHASER: ESTOPPEL. The plaintiff having purchased three town lots "in a lump" at tax sale, and application being made to the auditor to redeem one of said lots, the auditor, to fix the amount for redemption, aggregated the amount paid by the plaintiff on all the lots, and accepted one-third of such amount in redemption of the one lot. The sum thus received having been paid to the plaintiff, held, that the acceptance of said sum by the plaintiff, with full knowledge of the facts, precluded a recovery from the county of the residue of the amount paid by him on the three lots.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

MONDAY, JANUARY 23, 1893.

ACTION to recover for taxes paid. There was a judgment for the plaintiff, and the defendant appeals. —*Reversed.*

*P. C. Winter,* County Attorney, for appellant.

*James W. McDill,* for appellee.

GRANGER, J.—The following is, in substance, the essential part of the petition: J. C. Colby was the owner of lots 31, 32 and 33 of South Hill addition to the city of Creston, in Union county. On the fifteenth day of June, 1880, he executed a school fund mortgage to the defendant county on lots 31 and 33. On the first of February, 1883, he made a mortgage on all the lots to Frank & Darrow, to secure the payment of three thousand dollars. At a tax sale in December, 1885, Lew E. Darrow, the plaintiff (whom we understand to be of the firm of Frank & Darrow), desired to purchase lot number 32 to protect the security of his mortgage, but the treasurer declined to sell the lot separate, and would only sell the three lots "in a lump," because they were so assessed and advertised; whereupon the plaintiff so purchased the lots, paying therefor seventy-five dollars and eighty-four cents. For taxes subsequently accruing he paid in the aggregate one hundred and twenty-six dollars and forty-three cents. Thereafter the defendant county foreclosed its mortgage on lots 31 and 33, and in due time received a sheriff's deed therefor. Afterwards the plaintiff's mortgage was foreclosed on lot number 32, and said lot was sold and bid in by the mortgagee for much less than the debt and costs. Before the expira-

tion of the year of redemption on the latter sale, Colby sold lot number 32 to one Brown, who redeemed it from the sale under the mortgage, and then applied to the auditor to redeem from the sale to the plaintiff for taxes. The redemption was permitted, and, to fix the amount to be paid therefor, the auditor aggregated the amounts paid by Darrow on all the lots, and then took one-third thereof, making eighty-three dollars and sixty cents, on the payment of which Brown received his certificate of redemption, and that amount was paid to the plaintiff. The value of lot 32, with the buildings thereon, was four or five thousand dollars, and the value of lots 31 and 33 was about seven hundred dollars.

This action is to recover from the county the balance of such aggregate amount, viz., one hundred and forty-nine dollars and thirteen cents. To the petition there was a demurrer, which the district court overruled, and upon this action of the court error is predicated. A ground of the demurrer is, that the plaintiff, by accepting the amount paid in by Brown for the redemption, ratified the act of the auditor in issuing the certificate of redemption.

It is said by the appellee, in argument, that "the record does not show that the plaintiff ever received the money, except inferentially, from a statement of the amount due at the close of the petition." The petition, in terms, states that the plaintiff presented his claim for allowance to the board of supervisors of the defendant county for the balance of his payments, "after deducting the sum of eighty-three dollars and sixty cents, which had been received by plaintiff for the redemption of lot 32." That is a plain acknowledgment of having accepted that amount for the purpose of redemption. Nothing appears to indicate that it was not received with full knowledge of the situation, and in full of the plaintiff's claim. Conceding

that the amount was too small, it had been accepted as the proper proportion, so far as appears, in good faith, by the auditor, and then received by the plaintiff "for the redemption of lot 32." By this act the plaintiff is concluded from claiming more. If facts existed in avoidance of the facts as stated, they should have been made to appear. The inference is, from the facts pleaded, that the plaintiff approved or ratified the act of the auditor. *Byington v. Hampton,* 13 Iowa, 23, is in principle a similar case, upon the question of the officer having received less than is actually due for redemption, and in that case the amount paid had, as in this case, been accepted. The court said: "Again, the complainant accepted of the amount of the redemption money paid in by the defendant, and by this act he ratified the act of the treasurer in issuing the certificate of redemption." It is urged that the remark quoted is *obiter dicta.* It is true that, as the court found the facts to be, the rule announced was not necessary to a determination of the case; but it seems to have been the conclusion that with the facts otherwise than as found the plaintiff could not recover, and, as we understand, the rule was pertinent to the issues involved in the trial, there being a dispute as to the facts established by the evidence. In such a case the court could properly announce the rule of law as applicable to the facts as they were claimed to be.

It is not important that we should consider the other ground of the demurrer, as this seems conclusive of the case. The demurrer should have been sustained, and the judgment is REVERSED.