## LEWIS *et al.* v CLEMENTS.

No. 787, Ind. T.   Opinion Filed May 14, 1908.

(95 Pac. 769.)

1.   INDIANS—Contracts—Sale of Surplus Allotment   A contract for the sale of a portion of a surplus allotment, made by an Indian citizen in violation of Act. Congress June 28, 1898, chapter 517, section 29, 30 Stat. 507, and of Act Congress July 1, 1902, chapter 1362, sections 15, 16, 32 Stat. 642, 643, and before his restrictions upon the alienation of the same have been removed by the Secretary of the Interior, is void, and an action for specific performance of the same will not lie.

2.   JUDGMENT—Default—Insufficiency of Pleading.   A judgment by default, upon a complaint that does not contain allegations sufficent to constitute a cause of action, is void, and will be reversed on appeal.

3.   QUIETING TITLE—Removal of Cloud—Who May Sue.   A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate.

(Syllabus by the Court.)

*Error from the United States Court for the Central District of the Indian Territory, at Atoka; before Thos. C. Humphrey, Judge.*

Action by M. L. Clements against C. S. Lewis and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

This is an action for specific performance and to clear title, brought by M. L. Clements against C. S. Lewis and wife, Dora Lewis, and B. F. Poole and wife, Jannie Poole, to compel the conveyance of certain land by C. S. Lewis and wife to the said M. L. Clements and to cancel a certain deed executed by C. S. Lewis and wife conveying the same land to B. F. Poole. Plaintiff filed his complaint on September 9, 1905, in the United States Court for the Central District of the Indian Territory, at Atoka, The material facts alleged in his complaint are here given:

C. S. Lewis, one of the defendants, is a member of the Choctaw Tribe of Indians, and as such selected and had allotted to him, as a portion of his surplus allotment, certain land situated in the Atoka division of the Central district of the Indian Territory, described as follows: S. ½ of the N. ½ of the S. E. ¼, less 8.34 acres for Missouri, Kansas & Texas Railway Company, and the N. ½ of the S. ½ of the S. E. ¼, less 8.69 acres for Missouri, Kansas & Texas Railway Company, all in section 5 township 3 S., range 11 E., of the Indian Meridian. After Lewis had allotted the land, he surveyed and platted the same into lots and blocks for a town site to be known as the "Town of Peck," or the "Town of Lewis." After he had surveyed and platted the land into a town site, before making application to have his restrictions upon the alienation of said land removed, he offered the same for sale for town site purposes, and in order to induce purchasers to buy he agreed, as a guaranty of title, to execute to purchasers a bond for title to such property as he sold them. On the 15th day of February, 1904, he sold to B. F. Poole a portion of the land within said town site described as lot No. 1, block No. 18, as shown by the plat of the town site in the office of the clerk of the United States Court for the Central District of the Indian Territory at Atoka. Poole immediately took possession of the lot sold to him, and erected a frame store building thereon, and placed a stock of

merchandise therein. Poole remaind in the peaceable and undisturbed possession of the lot for a period of about 6½ months. On or about the 1st day of September, 1904, Poole sold to one C. L. Banks the storehouse, lot, and stock of merchandise. Lewis had knowledge of and acquiesced in the sale of the lot by Poole to Banks, which sale, however, was not in writing. On or about the 4th day of February, 1905, C. L. Banks sold the lot in question, together with the building thereon, and the stock of merchandise to M. L. Clements, the appellee herein, who was plaintiff in the court below. Clements was advised of the condition of the title to said lot, and when he purchased same from Banks he went to Lewis to ascertain whether or not his purchasing the lot from Banks would be satisfactory to Lewis, and whether Lewis would convey to him title to the lot. Lewis informed Clements that it would be satisfactory, and on the 14th day of February, 1905, he and his wife executed to Clements a bond for title by which they agreed and bound themselves to sell and convey the fee-simple title to said lot to Clements as soon as Lewis could have his restrictions removed under the law. On May 9, 1905, Lewis made application to have his restrictions removed, which was approved by the Secretary of the Interior on the 5th day of August, 1905. Clements immediately thereafter called upon Lewis and demanded a deed to said lot in accordance with the bond for title given by Lewis and his wife to him. Lewis refused to execute the deed, but on the 23d day of August, 1905, executed and delivered to B. F. Poole a deed to the lot. Plaintiff alleges that the execution of the deed by Lewis to Poole was for the purpose of cheating and hindering and defrauding him out of the title to said property, and for the purpose of compelling him to pay to Poole the sum of $500 which Poole claimed to be due to him by plaintiff. In his prayer, plaintiff prays for a judgment for said land, and that C. S. and Dora Lewis be required to execute to him a deed to the same, and that the deed executed by C. S. and Dora Lewis to B. F. Poole be declared void, and the same be canceled and set aside.

B. F. Poole and wife, Jannie Poole, at the time of the institution of the suit, were residents of Arkansas,. Service was had upon them by publication. On the 4th day of January, 1906, a demurrer was filed by defendants to plaintiff's complaint. On January 13, 1906, a motion was filed by plaintiff to dismiss the demurrer of C. S. Lewis and Dora Lewis, for the reason that they had been served with summons on the 11th day of September, 1905, and they had failed to appear and plead at the October, 1905, term of the court which was held at Atoka on the 2d day of October, 1905. The court upon hearing the motion sustained the same and struck from the files the demurrer of C. S. and Dora Lewis, and entered judgment by default, declaring the title in and to lot 1 in block 18 of the town site of Lewis to be in M. L. Clements, and divesting the. title therein from C. S. Lewis, and ordered and directed C. S. Lewis and Dora Lewis to execute a deed of conveyance to Clements, conveying said lot to him. Defendants C. S. Lewis and Dora Lewis excepted to this action of the court.

On the 16th day of January, 1906, defendants B. F. Poole and Jannie Poole, his wife, filed their answer to plaintiff's complaint, the contents of which we do not consider necessary to repeat. Depositions of various witnesses were taken, and on the 23d day of April, 1906, the case came on to be heard by the court upon the bill, answer, agreements of the parties, and evidence in the case, and the court rendered judgment in favor of plaintiff, ordering and directing that the deed executed by C. S. Lewis and Dora Lewis to B. F. Poole be cancelled. From the judgments of the trial court, all the defendants appealed to the United States Court of Appeals in the Indian Territory, and the case comes to this court under the provisions of the enabling act. Act June 16, 1906, c. 3335, 34 Stat. 267.

*Chambers & Gernert,* for appellants.
*Linebaugh Bros.,* for appellee.

HAYES, J. (after stating the facts as above). The trial court

committed several errors which have been cited by appellants in their assignments of error, any one of which affords ground upon which this case should be reversed. We shall not, however notice all of the assignments made, but shall discuss those that affect directly the merits of plaintiff's case.

Judgment was rendered upon default against C. S. Lewis and wife, but it is contended by appellants that judgment should not have been rendered, for the reason that plaintiff's complaint did not state a cause of action against Lewis and wife. Plaintiff's cause of action, if any he has under the allegations of his complaint, grows out of a contract, made by an Indian citizen prior to the removal of his restrictions upon the alienation of his surplus allotment, to sell to plaintiff a portion of his surplus allotment. By Act. Cong. June 28, 1898, c. 517, § 29, 30 Stat, 507, it is provided:

"That all contracts looking to the sale or incumbrance in any way of the land of an allottee, except the sale heretofore provided, shall be null and void."

And by Act Cong. July 1, 1902, c. 1362, § 15, 32 Stat. 642, to ratify and confirm an agreement with the Choctaws and Chickasaws, it is provided:

"Lands allotted to members and freedmen shall not be affected or incumbered by any deed, debt or obligation of any character contracted prior to the time at which said lands may be alienable under this act, nor shall said lands be sold except as herein provided."

It is further provided in the latter act that all lands allotted to members of the Five Civilized Tribes of Indians, except such land as is set aside to each for a homestead, shall be alienable after the issuance of patent, as follows: One-fourth in acreage in one year, one-fourth in three years, and the balance in five years. By Act Cong. April 21, 1904, c. 1402, 33 Stat. 204, it is provided that all restrictions upon the alienation of all allottees of the Five Civilized Tribes, who are of Indian blood, except minors and except as to homestead, may, with the approval of the Secretary

of the Interior, be removed under such rules and regulations as the Secretary of the Interior may prescribe.

It is admitted by plaintiff in his complaint that the contract made by Lewis and wife with him was made before Lewis' restrictions upon the alienation of the land sought to be conveyed had been removed. Such contract was in violation of the laws of the United States governing the conveyance of surplus allotments of members of the Five Civilized Tribes, and by the terms of the statute is void. *Sayer v. Brown* (Ind. T.) 104 S. W. 877. Plaintiff's complaint therefore failed to allege facts sufficient to constitute a cause of action, or facts sufficient to entitle him to recover against Lewis and wife, and the action of the court in rendering judgment by default against Lewis and wife over their objection was error. If a complaint does not contain allegations sufficient to constitute a cause of action, a judgment rendered by default is void, and will be reversed on appeal. *Fullerton v. Houpt,* 12 Ark. 399; *Chaffin et al. v. McFadden,* 41 Ark. 42; 23 Cyc. 740.

The action of the court in rendering judgment against Poole and wife, cancelling the deed executed by Lewis and wife to Poole, was also error, for the reason that, under the allegations of plaintiff's complaint and proof offered by him, the only interest that he had in the land in controversy was such interest as he obtained by virtue of his contract with Lewis, which being a void contract conveyed to him no interest. A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title of such real estate. 1 Ency. Plead. & Prac. 300.

The judgments of the trial court against Lewis and wife and against Poole and wife are reversed, and the cause remanded.

All the Justices concur.