### CLARK v. HOLMES.

No. 1247.   Opinion Filed January 9, 1912.

(120 Pac. 642.)

1.  **JUDGMENT—Default Judgment.**  A judgment by default upon a complaint that does not state facts sufficient to constitute a cause of action, is void, and will be reversed on appeal.

2.  **QUIETING TITLE—Who May Maintain Action.**  A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;
John Caruthers, Judge.*

Action by Andrew Holmes against Maurice G. Clark. Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*W. C. Newman* and *W. W. Wood,* for plaintiff in error.

*Crossan & Replogle,* for defendant in error.

TURNER, C. J.   On July 30, 1908, Andrew Holmes, defendant in error, filed in the district court of Okfuskee county his petition, which reads:

"Comes now the plaintiff and for cause of action against the defendant alleges and states:  (1) That on the 17th day of June, 1906, and for a long time prior thereto, this plaintiff was the owner of an equitable estate consisting of an one-fourth undivided interest in fee simple and a life estate in an additional one-fourth interest in and to the N. E. ¼ of Sec. 22, Twp. 12 N., Rge. 11 E., now in the county of Oklahoma, Okla., and a life estate in and to the N. E. ¼ of Sec. 21, Twp. 11 N., Rge. 12 E., now in the county of Okmulgee, Okla.  (2) That on the 28th day of January, 1907, there was placed on record and recorded in Deed Book 21, at page 57, in the office of the clerk of the United States court for the Ninth recording district, at Okmulgee, I. T., but now Oklahoma, a deed purporting to convey by general warranty, whereby this plaintiff, in consideration of the

above sum of $40, conveyed to Maurice G. Clark the above-described land. A copy of said deed is hereto attached, marked 'Exhibit A,' and by reference thereto is made a part hereof. (3) That this plaintiff has never signed, acknowledged, and delivered a deed to the said defendant, conveying the said land, and that the said deed is a forgery and wholly void. Wherefore this plaintiff prays that the said deed be canceled, and be declared null and void, and of no effect whatever, and that he have his costs expended in this suit, and for such other and further relief as to the court may seem just."

From the action of the court, overruling his motion to set aside a judgment by default thereon, upon the ground that the petition fails to state facts sufficient to constitute a cause of action, Maurice G. Clark, plaintiff in error, brings the case here, and assigns such as error. In support of the assignment he says the petition fails to state facts sufficient to constitute a cause of action in this, that the same fails to state that plaintiff had any interest in the title to the land in question, and hence said judgment is void. The point is well taken. True it is, if the petition fails to state a cause of action, the judgment is void, and will be set aside on appeal. It is also true that one who has no interest in the title to land cannot maintain an action to remove a cloud upon the title. *Lewis et al. v. Clements,* 21 Okla. 167, 95 Pac. 769. The petition fails to allege that plaintiff had any interest in the title to the land at the time it was filed. The allegation of ownership "on the 17th day of June, 1906, and a long time prior thereto," is insufficient. *Parke v. Brown et al.,* 12 Ill. App. 291, was error to reverse a decree *pro confesso.* The syllabus reads:

"A bill to quiet title did not aver that complainant was the owner or in possession at the time the bill was filed. Held, that this averment, being the very ground of complainant's right, cannot be left to inference, but must be proved. The allegation in the bill, that complainant was seised of title more than two and a half years before the bill was filed, will not justify the inference that she was seised on the day the bill was filed."

See, also, *Leforce v. Haymes,* 25 Okla. 190, 105 Pac. 644; *Wheatland Grain, etc., Co. v. Dowden,* 26 Okla. 441, 110 Pac. 898, and cases cited; 32 Cyc. 1352; 21 En. of Pl. & Pr. pp. 712-714.

Counsel for defendant in error have not favored us with a brief.

Reversed and remanded.

HAYES and WILLIAMS, JJ., concur; KANE, J., dissents; DUNN, J., absent, and not participating.