## STANDARD SAVINGS & LOAN ASS'N v. ANTHONY WHOLESALE GROCERY CO.

No. 6640—Opinion Filed Dec. 19, 1916.

Rehearing Denied Jan. 23, 1917.

(162 Pac. 451.)

**1. Judgment—Validity—Jurisdiction.**

The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject matter; (3) jurisdiction of the particular matter which the judgment professes to decide.

**2. Same.**

A judgment, which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time on motion of a party, or any person affected thereby. And any collateral or subsequent proceeding dependent upon the validity of such judgment may, in like manner, be vacated upon proper motion by any person affected thereby.

**3. Same—Conformity to Issues—Foreclosure—Personal Judgment.**

S., a defendant in a foreclosure suit, filed a cross-petition, alleging that H. M. C., a co-defendant, was indebted to it upon notes and a real estate mortgage; that N. A. C. had or claimed some interest in the real estate junior and inferior to the claim of S., and praying that the interest of N. A. C. be adjudged inferior. N. A. C. made no appearance. The court thereupon · rendered judgment, decreeing the interest of N. A. C. to be junior to the interest of S., and also rendered a personal judgment for the amount of the indebtedness against N. A. C. Held, that that part of the judgment fixing a personal liability upon N. A. C. is outside of the particular jurisdiction of the court, and upon a matter not submitted to the · court for determination and is a nullity.

(Syllabus by Edwards, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the Woods County Union Bank against Harry M. Circle and others and the Standard Savings & Loan Association, which filed a cross-petition. The Anthony Wholesale Grocery Company moved to quash and set aside the levy of execution of the Standard Savings & Loan Association. Motion sustained, and the Association brings error. Affirmed.

H. A. Noah, for plaintiff in error.

E. W. Snoddy, for defendant in error.

Opinion by EDWARDS, C. The Woods County Union Bank filed a suit against the defendants, Harry M. Circle, Nannie A. Circle, Standard Savings & Loan Association, and George W. Oakes, for judgment on a note and to foreclose a mortgage on certain real estate not involved in this action. The defendant Standard Savings & Loan Association filed its answer and cross-petition, alleging that on April 30, 1910, the defendant H. M. Circle, being the same person as Harry M. Circle, was a single man, and had borrowed from the said Standard Savings & Loan Association the sum of $750, and had executed and delivered to the said association a promissory note in said sum, payable in installments, and to secure the same had executed a mortgage on certain real estate in the town of Alva, and concluding with the allegation that there was due and unpaid

from said H. M. Circle to said Standard Savings & Loan Association the sum of $632.72, and prayed judgment therefor, and alleging that the claims of the other defendants in and to said real estate are junior and inferior to the plaintiff's lien. Said cross petition prays for judgment in its favor against the plaintiff and the other defendants, finding and decreeing that the lien and claim of this defendant, Standard Savings & Loan Association, against the real property described in the petition and in its said answer to be adjudged senior and superior to the lien and claim of the plaintiff and of the other defendants therein named. The defendants Harry M. Circle, Nannie A. Circle, and George W. Oakes made no appearance of any kind, and in due time a judgment by default was rendered in favor of the plaintiff, Woods County Union Bank, and against the defendants H. M. and Nannie A. Circle in the sum of $232.35, attorney's fees and costs and a judgment on the answer and cross-petition of the Standard Savings & Loan Association was entered, a part of which is as follows:

"And the court further finds that there is due from the said Harry M. Circle and Nannie A. Circle, to the said derendant and cross-petitioner, Standard Savings & Loan Association, the principal sum of $632.72, with interest thereon at the rate of 10 per cent. per annum from March 15, 1912."

The court in said judgment further decreed that in case said judgment be not paid within six months the plaintiff would be entitled to execution, and in the event of the failure of the plaintiff to sue out execution the cross-petitioner, Standard Savings & Loan Association, might have execution; said judgment further decreed as follows:

"It is further ordered, adjudged, and decreed by this court that if the sale of said lands and tenements fail to bring sufficient sum to satisfy the aforesaid judgments in favor of the said plaintiff and in favor of the said defendant the Standard Savings & Loan Association, then that said plaintiff, the Woods County Union bank, and said defendant, the Standard Savings & Loan Association, and each of them, have a deficiency judgment against the said Harry M. Circle and Nannie A. Circle for such sum as shall then remain due and unpaid upon the aforesaid judgments."

After the expiration of six months an execution to collect a deficiency was issued on said judgment of the Standard Savings & Loan Association and against the defendants Harry M. Circle and Nannie A. Circle, which was levied upon certain real estate in the town of Alva, whereupon the defendant in error the Anthony Wholesale Grocery Company, filed its motion to quash and set aside said levy, setting out as grounds therefor that the property levied upon was, and for a long time prior thereto had been, the property of the movant, as the record owner thereof, and was not the property of the judgment debtor. Upon the trial of said cause there was added the further ground that the judgment upon which the said execution was issued was void and a nullity as against said Nannie A. Circle. This motion was tried by the court, and a judgment entered, in part, as follows:

"And now on this 30th day of January, A. D. 1914, same being one of the days of the October, 1913, term of the above-named court and the said court being in session, the above-entitled matter coming regularly on for hearing upon the motion of Anthony Wholesale Grocery Company to quash the levy heretofore made upon certain real property claimed by the said Anthony Wholesale Grocery Company, to satisfy the judgment herein rendered in favor of Standard Savings & Loan Association, and the parties being present, the movant by its attorney, E. W. Snoddy, and the said Standard Savings & Loan Association by its attorney, H. A. Noah, whereupon, the movant having read its said motion, offers in evidence a certain contract in writing between the said Anthony Wholesale Grocery Company and Nannie A. Circle, to which offer the said Standard Savings & Loan Association objected, which objection was by the court overruled, to which order and ruling of the court the said Standard Savings & Loan Association then and there excepted, whereupon the movant offered in evidence the cross-petition herein of the said Standard Savings & Loan Association and the journal entry of judgment herein, to which offer the said Standard Savings & Loan Association objected, which objecion was by the court overruled, to which order and ruling of the court the said Standard Savings & Loan Association then and there excepted, and, thereupon, and upon argument by attorneys representing both parties, the court found that the said judgment, in so far as the same purported to be a personal judgment against the said Nannie A. Circle, was in all things void, to which finding of the court the said Standard Savings & Loan Association then and there excepted. Whereupon the court ordered that the levy of execution under the said judgment be quashed, to which order and ruling of the court the said Standard Savings & Loan Association then and there excepted. * * *"

Prior to the rendition of said judgment and on the 28th day of May, 1911, Nannie A. Circle, as the record owner of the real es-

tate levied upon, joined by her husband, A. L. Circle, had executed a contract with the defendant in error, the Anthony Wholesale Grocery Company, to erect a building upon said lots to be completed by July 15, 1911, and renting said building to the said Anthony Wholesale Grocery Company for a period of three years, the said Grocery Company to furnish the money for the erection of said building and to have a lien therefor. Said contract contained conditions upon which the title was to be forfeited to the said Anthony Wholesale Grocery Company. On the 17th day of July, 1912, said real estate here involved had been conveyed by warranty deed by the said Nannie A. Circle, the owner, joined by her husband, to the said Anthony Wholesale Grocery Company, which deed was recorded on the same day.

Numerous errors are assigned and numerous authorities are cited by both parties, but we think the judgment of the trial court in sustaining the motion to quash the levy should stand or fall upon the validity of the judgment in favor of the Standard Savings & Loan Association against Nannie A. Circle, inasmuch as the title of the movant, the Anthony Wholesale Grocery Company, was derived through Nannie A. Circle, and not through Harry M. Circle. The cross-petition of the Standard Savings & Loan Association recites that the indebtedness upon which it is based is that of Harry M. Circle, a single man. It is nowhere alleged nor contended that Nannie A. Circle was a party to or was personally liable upon said indebtedness; nor was a personal judgment against her prayed. It is alleged in the petition, only, that any interest she had was junior and inferior to that of the said cross-petitioner. Yet in the face of these allegations a personal judgment was rendered against her.

The question for our determination is, Is the personal money judgment against the defendant Nannie A. Circle void or merely voidable? This court, in the case of Jefferson v. Gallagher et al., 56 Okla. 405, 150 Pac. 1071, held:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject-matter; (3) jurisdiction of the particular matter which the judgment professes to decide."

And to the same effect is Black on Judgments (2nd Ed.) vol. 1, sec. 242, which is as follows:

"Besides jurisdiction of the person of the defendant and of the general subject-matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which its judgment assumes to grant. In other words, a judgment which passes upon matters entirely outside the issue raised in the record is so far invalid. Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue. That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities. A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. * * * The invalidity of such a decree does not proceed from any mere arbitrary rule, but it rests entirely on the ground of common justice. A judgment upon a matter outside of the issue must, of necessity, be altogether arbitrary and unjust, as it concludes a point upon which the parties have not been heard. And it is upon this very ground that the parties have been heard, or have had the opportunity of a hearing, that the law gives so conclusive an effect to matters adjudicated."

After citing various illustrations, the author proceeds as follows:

"* * * In these cases the court lacked jurisdiction of the subject or question which it assumed to pass upon, because such matter was not submitted to it by the parties. But the same result will follow if, being invested with jurisdiction for a single purpose in a special statutory proceeding, it transcends the limit and attempts to exercise its powers for other purposes also. Thus where a statute provides for an action to foreclose a mortgage against a non-resident defendant, upon publication of summons, and authorizes a decree to be made for the sale of the mortgaged premises to satisfy the debt secured thereby, the court exhausts its jurisdiction in making the decree contemplated, and if, in addition thereto, it proceeds to award a personal judgment for a sum of money against the defendant, such judgment, being beyond its power, is void."

Also, this court, in the case of Rogers, County Treasurer, v. Bass & Harbour, 47 Okla. 786, 150 Pac. 706, held:

"A judgment which is entirely outside of any issue made by the pleadings or the evidence in the case is a nullity."

—following the earlier case of Anglea· v. McMaster et al., 17 Okla. 501, 87 Pac. 660, wherein the court held:

"A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity and may be vacated and set aside at any time, on motion of a party, or any person affected thereby" (citing earlier cases of Phoenix Bridge Co. v. Street, 9 Okla. 422, 60 Pac. 221; Gille v. Emmons, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609).

See, also, International Harvester Co. v. Cameron, 25 Okla. 256, 105 Pac. 189; Lewis et al. v. Clements, 21 Okla. 167, 95 Pac. 769; Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, Ann. Cas. 1913D, 385; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000.

Upon consideration of the petition of the plaintiff, it is evident that the personal judgment rendered against Nannie A. Circle was entirely outside of the issue tendered by the cross-petition of the Standard Savings & Loan Association; that no facts whatever were alleged which would justify a personal judgment, and no prayer for a personal judgment made. Assuming that the defendant Nannie A. Circle made default for the simple reason that she had no objection to being foreclosed of any interest or claimed interest in the real estate involved in the foreclosure, she could not foresee that a personal money judgment would be entered on the cross-petition praying for foreclosure only, and for that reason made default. Assuming, further, that proof which would warrant a personal judgment was made, yet this court, in the case of International Harvester Company v. Cameron, supra, held that facts not alleged, though proven, cannot form the basis of a judgment by default. A trial court cannot be expected to read and scrutinize journal entries of judgment presented to it, but must rely upon counsel submitting correct judgments within and in conformity to the issues. Where this is not done and the journal entry of judgment signed by the court recites a judgment entirely without the issues, and without any allegation whatever to sustain, it is, and should be held, to that extent absolutely void and of no effect whatever. The latter part of section 5274, Rev. Laws 1910, is as follows:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

See Wheatland Grain & Lumber Co. et al. v. Dowden, 26 Okla. 441, 110 Pac. 898; Anglea v. McMaster, supra; Phoenix Bridge Co. v. Street, supra; Choi v. Turk et al., supra. See, also, Roth et al. v. First National Bank of Bartlesville et al., 58 Okla. 604, 160 Pac. 505, and authorities therein cited. And any collateral or subsequent proceeding dependent upon the validity of such judgment may, in like manner, be vacated upon proper motion by any person affected thereby.

We, therefore, hold that that part of the decree complained of, awarding a personal judgment in favor of the Standard Savings & Loan Association against Nannie A. Circle, was a nullity, and could form no basis for an execution against the real estate levied upon. It is not necessary for us to pass upon the interest of the movant in the real estate involved under its contract. It is sufficient to say that it had some interest therein and was affected by the levy of the execution, and for that reason it had the right to proceed, as it did, by motion, to protect that interest.

Finding no error that would warrant a reversal, the ·judgment of the trial court, quashing the levy of the execution, is affirmed.

By the Court: It is so ordered.