## EXCHANGE TRUST CO. v. IRETON et al.

No. 13603—Opinion Filed Feb. 27, 1923.

(Syllabus.)

1. **Appeal and Error — Equity — Advisory Jury—Effect of Erroneous Instructions.**

In an action of purely equitable cognizance, the questions of fact may be submitted to the jury, but its verdict is merely advisory, and alleged errors in instructions to the jury in such cases offer no ground for review upon appeal.

2. **Quieting Title — Interest Necessary to Maintain Action.**

A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate.

3. **Same—Action to Cancel Mortgages.**

Where I. brings suit for cancellation of mortgages covering property owned by I. at the time the mortgages were given, alleging that the mortgages are forgeries; and where, before the suit was filed, I. conveyed ten acres of such property to N., who assumed the payment of $250 of the mortgage indebtedness, held, that I. is not entitled to assert the invalidity of the mortgages as to the ten acres or to have the same canceled.

Error from District Court, Grady County; J. W. Bird, Judge.

Action by Hattie E. Ireton against Exchange Trust Company and others to remove cloud from title. Judgment for plaintiff, and defendant named brings error. Modified and remanded, with directions.

Bond, Melton & Melton, for plaintiff in error.

Bailey & Hammerly, for defendant in error.

COCHRAN, J. This action was filed by Hattie E. Ireton against the Exchange Trust Company to cancel certain mortgages held by the Exchange Trust Company on land owned by plaintiff, alleging that the mort-gages were forgeries. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant filed its answer, alleging that the plaintiff had executed mortgages to the defendant and thereafter plaintiff had sold ten acres of the land covered by such mortgages to W. H. Nichols and W. N. Nichols, who assumed the payment of $250 of the mortgage indebtedness. Upon the request of the defendant, W. H. Nichols and W. N. Nichols were made parties defendants. The defendant asked that its mortgages be foreclosed as against the plaintiff and also as against the defendants W. H. Nichols and W. N. Nichols. Summons was issued and served on W. H. Nichols and W. N. Nichols, but they entered no appearance in the case. The case was tried to a jury, and a verdict returned for the plaintiff. The trial court thereupon adopted the verdict of the jury, accepting the findings of fact by the jury, and expressly approved such verdict, and, in addition, made a finding of fact wherein all the issues of fact generally were found in favor of the plaintiff, and a special finding was made that the mortgages in controversy were not executed by the plaintiff and that she did not receive any of the proceeds therefrom, and that the mortgages were never in any manner ratified by the plaintiff and the plaintiff committed no act by which she is now estopped to assert the invalidity of the mortgages. Judgment was entered for the plaintiff, and the defendant, the Exchange Trust Company, has appealed to this court.

The defendant complains of numerous instructions given by the trial court, but this was an action of purely equitable cognizance. Watson v. Borah et al., 37 Okla. 357, 132 Pac. 347. In such actions it has been held that questions of fact may be submitted to the jury, but its verdict is merely advisory, and alleged errors in instructions to the jury in such cases offer no grounds for review upon appeal. Anderson v. Kelley, 57 Okla. 109, 156 Pac. 1167; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Ball v. White, 50 Okla. 429, 150 Pac. 901; Crump v. Lanham, 67 Okla. 72, 168 Pac. 43; Gamel v. Hynds, 69 Oklahoma, 171 Pac. 920.

As stated above, the trial court adopted and approved the verdict of the jury, and, in addition, made special findings in harmony therewith, and this court will not review the instructions given to the jury.

The next question presented is the correctness of the judgment canceling the mort-

gages of the defendant as to the ten acres of land which were not owned by the plaintiff at the time the suit was filed, but which had been sold by her to W. H. Nichols and W. N. Nichols, they having assumed the payment of 250 of the mortgage indebtedness. It is contended by the plaintiff that she did not know that this portion of the mortgage indebtedness entered into the consideration in the transfer to Nichols, but she does not seek any relief against the conveyance to Nichols or show that she is in any way interested in that portion of the land at this time. Plaintiff also contends that, since the mortgages were forgeries, they were absolutely void and the mortgagee could acquire no rights against the plaintiff, or her grantee, to foreclose the same. Conceding that this position is correct, it does not entitle the plaintiff to a cancellation of this portion of the indebtedness.

In Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, this court held:

"A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate."

And in Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, this court held:

"The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless the plaintiff has the title, it is immaterial to him what title the defendant claims."

Inasmuch as Nichols assumed the payment of $250 of the mortgage indebtedness and this entered into the consideration for the purchase of the property, Nichols could not assert the invalidity of the mortgages as against the mortgagee. Farmers' State Bank v. Midland Saving & Loan Co., 76 Okla. 245, 185 Pac. 94; United States Bond & Mortgage Co. v. Keahey et al., 53 Okla. 176, 155 Pac. 557; Smith et al. v. Smith et al., 80 Okla. 136, 184 Pac. 82.

It would certainly be inequitable to hold that the plaintiff in this case would be entitled to a cancellation of the mortgages as to the ten acres owned by Nichols when Nichols, himself, would not be permitted to assert the invalidity of the mortgages.

As to the other errors alleged, they are either without merit or the rights of the defendant have not been prejudicially affected by them.

The judgment of the trial court is affirmed as to the cancellation of the mortgages to the Exchange Trust Company covering that portion of the lands of the plaintiff owned by the plaintiff at the time her suit was filed, but the judgment is modified to the extent of denying plaintiff the cancellation of such mortgages as to the northeast 1-4 of the northwest 1-4 of the southeast 1-4 of section 8, township 5 north, range 5 west, and such judgment should be modified so as to grant to the Exchange Trust Company a foreclosure of its mortgages on this ten-acre tract for the payment of the $250, and interest thereon, assumed by Nichols at the time he purchased such property.

For the reasons stated, the judgment of the trial court is modified as above indicated, and cause remanded, with directions to enter judgment in accordance with the views herein expressed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, and BRANSON, JJ., concur.