FOWLER et al. v. MARGURET PILLS-BURY GENERAL HOSPITAL et al.

No. 12238—Opinion Filed Sept. 9, 1924.

(Syllabus.)

1. Judgment—Validity Though Erroneous if Unassailed.

Where a court has jurisdiction of the parties and the subject-matter of a cause of action and has judicial power to render the particular judgment, its judgment unappealed from, or attacked in any statutory form, though erroneous, is not void and is binding on the parties thereto.

2. Mortgages—Foreclosure—Scope of Jurisdiction.

Where a petition in a foreclosure suit sufficiently states a cause of action and parties are duly and regularly served with process thereunder, the court acquires jurisdiction for all purposes and may adjudicate rights of all parties thereto, plaintiffs, defendants, and cross-petitioners.

3. Judgment—Validity Against Collateral Attack—Defective Petition.

Where the court has jurisdiction of the subject-matter of a cause of action and of the parties thereto, a judgment in such action is not void from the mere fact that a petition or cross-petition therein upon which such judgment is based does not state a cause of action, such judgment may be erroneous and voidable on appeal, but is binding on the parties in a collateral proceeding

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Edward E. Fowler and Etta Fowler against Marguret Pillsbury General Hospital, a corporation, and Harriett F. Gardner, to set aside a void order of confirmation of sheriff's sale under foreclosure.

Judgment for defendants; plaintiffs appeal. Affirmed.

McKeown & Green. for plaintiffs in error.

George M. Green and Hunter L. Johnson, for defendant in error Marguret Pillsbury General Hospital.

WARREN, J. This is an action to reverse a judgment of the district court of Pontotoc county wherein Edward E. Fowler and Etta Fowler, as plaintiffs, brought suit against B. H. Bonfoey, P. W. Bonfoey, Marguret Pillsbury General Hospital, Harriett F. Gardner, L. H. Owen, and John R. Hadley, for the purpose of vacating and canceling a certain order of confirmation under which a sale of real estate was confirmed November 5, 1914, the order of sale upon which such confirmation was based, the sale and return thereunder, a mortgage executed by the purchaser at such sale, B. H. Bonfoey, to Marguret Pillsbury General Hospital, the sheriff's deed under foreclosure of this latter mortgage, and oil and gas lease from the latter purchasers to L. H. Owen, assigned to John R. Hadley. The grounds for the cancellation as prayed is the invalidity of all proceedings in the foreclosure of the former mortgage subsequent to the judgment because of an alleged void order of sale because such process did not run in the name of the state of Oklahoma.

The Marguret Pillsbury General Hospital answered by a general denial, a plea of the statute of limitations, and the further plea of the bar of a judgment of foreclosure in the latter mortgage, wherein the plaintiffs in the present case were parties defendant and were duly served with process, trial had, judgment entered on July 19, 1917, wherein the said Fowlers were adjudged to have been duly and legally served in said cause, and wherein it was further adjudged that the said Fowlers be forever barred, and foreclosed of and from all liens, rights, titles, estate, or equity in, of, or to said lands or tenements, such judgment being on the same lands involved in the present action. Under such judgment and foreclosure they allege due and regular proceedings culminating in a sheriff's deed to the Marguret Pillsbury General Hospital. They plead this judgment, the deed, and the proceedings in bar to any recovery by the plaintiffs in the present action.

On the trial of the action the district court of Pontotoc county found the issues in favor of the defendant, Marguret Pillsbury General Hospital, and against the Fowlers,

and made a finding that the allegations of the said defendant in its answer were true.

The said defense of res adjudicata, if sustained, is sufficient to defeat a recovery on the part of the plaintiffs, the Fowlers.

It appears that the second foreclosure, upon which the defense of res adjudicata is based, was instituted May 3, 1916. The plaintiff was Harriett F. Gardner. Edward E. Fowler and Etta Fowler were parties defendant thereto, as also was the Marguret Pillsbury General Hospital. The Fowlers were served with process in the said action by publication. The said action set up the notes and mortgage of the said Fowlers, prayed judgment against them that their rights in said lands be forever foreclosed and barred. The Marguret Pillsbury General Hospital in said action filed its answer and cross-petition. In its answer claiming an interest in the property by virtue of a note and mortgage. In its cross-petition it set up a note and mortgage executed by Bonfoey, purchaser at first sale. Then in its prayer asked that claims of all defendants, including Edward E. Fowler and Etta Fowler, be adjudged junior and inferior to that of cross-petitioner, and further prayed all defendants be barred from asserting any right, title, or interest in the said premises, and for all further relief.

A reply was filed to this answer and cross-petition in the form of a general denial and alleging that the court, in the said action, did not acquire jurisdiction of the Fowlers, in that the service by publication was void because plaintiff did not mail a copy of the petition in said cause to defendants, with notice, within six days after such publication.

In the second foreclosure there were introduced in evidence the original and amended petition, the answer and cross-petition, the journal entry of judgment, the order of sale and return, the journal entry of confirmation and the sheriff's deed.

In the journal entry of judgment there is an affirmative finding with reference to the service, as follows:

"That the defendants, Edward E. Fowler and Etta Fowler, husband and wife, are non-residents of the state of Oklahoma; that due diligence was used to obtain service upon the said defendants personally within the state of Oklahoma, and that service was obtained upon the said defendants, Edward E. Fowler and Etta Fowler, by publication, notice by publication, and transmitting of the petition by United States mail, conforms to the statute for such case made and provided; and the court finds that the said Edward E.

Fowler and Etta Fowler have been duly and legally served with process in this cause."

There was no evidence whatever to contradict this finding or to show that it was not supported by the evidence. It is binding on these plaintiffs and on this court.

With reference to this judgment it is complained that the cross-petition upon which the decree of foreclosure was based does not state a cause of action against the Fowlers. They were in the lawsuit by virtue of the original petition, and are bound by the judgment and the sale and sheriff's deed thereunder. This is not to say that the cross-petition does not state a cause of action, for it undoubtedly does do so in so far as the foreclosure prayed is concerned. The court had jurisdiction of the subject-matter of the action, it acquired jurisdiction of the parties by service of process, and had power to enter a binding judgment. Assuming without conceding that the cross-petition did not, state a cause of action, yet the petition did, and there was a judgment and sale thereunder. If under the cross-petition alone, and such cross-petition was insufficient, the judgment was not void, but voidable only and was invulnerable except on appeal. Chivers Board of County Commissioners, 62 Okla. 2, 161 Pac. 822; Welch v. Focht, 67 Okla. 275, 171 Pac. 730; Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453; Abraham v. Homer, 102 Okla. 12, 226 Pac. 45.

The cases of International Harvester Co. v. Cameron, 25 Okla. 256, 105 Pac. 189; Lewis v. Clements, 21 Okla. 167, 95 Pac. 769; Farris v. Henderson, 1 Okla. 384, 33 Pac. 380; Clark v. Holmes, 31 Okla. 164, 120 Pac. 642; Crawford v. Cassidy, 78 Okla. 261, 190 Pac. 412, cited by plaintiffs in error in support of their contention that the judgment is not a bar, were all direct attacks upon such judgments, either by appeal or by a statutory method provided for such attack. This is not the fact in the instant case. Plaintiffs also contend the judgment does not adjudicate the sufficiency of the order of sale. It does that very thing by barring the Fowlers from claiming any interest in the property adverse to purchaser at sheriff's sale. If they had or claimed an interest because of defective order of sale or for any other reason, it was their duty to set up such interest or be forever barred by the judgment.

We are, therefore, of the opinion that the Fowlers were bound by the judgment of April 19, 1917. No proceedings having been instituted to set aside this judgment with-

in the statutory period, it has become final and forecloses and bars them from asserting an interest adverse to the purchaser and grantee in the sheriff's deed. Having reached this conclusion, it is unnecessary to pass upon the other questions raised.

The judgment of the district court of Pontotoc county will, therefore, be affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and LYDICK, JJ., concur.