MOORE v. BARKER.

*97 P. 2d 776.*

No. 28727.   Dec. 5, 1939.

Rehearing Denied Jan. 9, 1940.

Leo G. Mann and C. J. Brown, both of Oklahoma City, for plaintiff in error.

T. K. Quillen and C. E. McAfee, both of Oklahoma City, for defendant in error.

HURST, J. This is an action by Moore, holder of a resale tax deed, against Barker, holder of a certificate tax deed, to quiet title to ten lots in one block and

eight lots in another block in Oklahoma City and to cancel the certificate tax deed thereto held by Barker. From a judgment in favor of defendant, the plaintiff appeals.

The case arose under the following circumstances: In 1922, the lots were purchased at a tax resale by one Spencer. The resale deed was on a form held valid on its face in Reeves v. Caldwell (1937) 179 Okla. 501, 66 P. 2d 75; Patterson v. Myers (1938) 183 Okla. 601, 83 P. 2d 846, and McKnight v. Frey (1938) 184 Okla. 303, 86 P. 2d 985, and was duly recorded in 1922. In November, 1934, the lots were sold to the county at the tax sale for the 1933 taxes, and in February, 1936, the tax certificates were purchased by Barker. On January 16, 1937, Spencer, the holder of the resale deed, conveyed the lots by quitclaim deed to Moore. On January 28, 1937, Moore redeemed the lots from the 1934 tax sale, and a redemption certificate was issued to him. Thereafter, on March 2, 1937, a tax deed was issued to Barker on the 1934 tax sale certificates he had purchased from the county. This deed was issued pursuant to a peremptory writ of mandamus against the county treasurer, in which action Moore was not a party. Moore took possession of the lots after purchasing them from Spencer, and was in possession by tenants on July 29, 1937, when he filed this action against Barker to quiet title and cancel Barker's certificate deed.

Plaintiff alleged that defendant's certificate deed was void because the lots had been redeemed and a redemption certificate issued before defendant acquired his deed. Plaintiff further alleged that the certificate deed was void because it was issued without notice to plaintiff, but this contention has not been pursued further. The defendant, on the other hand, alleged that the resale tax deed under which plaintiff claimed title was void on its face and for jurisdictional reasons, and therefore he contends that the redemption by plaintiff was without authority of law, and further, that plaintiff had no title under a void deed and could not maintain an action to quiet title.

1. The first question is whether the resale tax deed under which plaintiff claims title is a void deed.

(a) As to the contention that it is void on its face because of the failure to contain certain recitals, it is sufficient to say that the cases above cited, approving deeds in identical form, are decisive of this matter.

(b) But defendant also contends that the resale deed is void for the failure to advertise certain lots at the original sale and at the resale. The resale deed recites that "such real estate was thereafter advertised for sale by the treasurer of said county, on the first Monday of November, 1918, 1919, to pay said delinquent taxes." It is therefore presumed that the lots were duly advertised, and the burden is on defendant to overcome this presumption by clearly pleading and clearly proving a total failure to advertise the lots in question. Section 12760, O. S. 1931, 68 Okla. St. Ann. § 452. Defendant introduced the testimony of the deputy county clerk to prove the failure to advertise. There is no testimony with reference to any 1918 original sale. But the advertisement of the 1919 original sale appears to be styled "For taxes due and delinquent for the years 1918." We think the tenor of the evidence shows that there was only one original sale involved, that is, the 1919 sale for the 1918 taxes. The deputy county clerk testified that he had charge of the records of resales and the original sales as filed in his office. He produced the record of the November, 1919, original sale and testified that three of the lots involved (lot 32 in block 3 and lots 39 and 40 in block 7) were not included in the published notice of sale. The witness then produced the 1921 resale advertisement and, upon checking the various lots, testified that lots 29, 30, and 40 in block 7 were omitted from the published resale notice.

Plaintiff argues that the evidence with reference to failure to advertise is ex-

tremely sketchy and says that only a small fragment of the advertisement was introduced in evidence. He also says there is no evidence as to a 1918 original sale, and contends that all the evidence presented by the defendant is not sufficient to overcome the presumption that the lots were duly advertised.

Although it is true that only part of the advertisements were introduced in evidence, being the part containing the addition in which these lots were located, nevertheless the witness testified from the whole "record" of the sale, and we think the evidence is sufficient to show that lot 32 in block 3 and lots 39 and 40 in block 7 were omitted from the advertisement of the 1919 original sale, and that lots 29, 30, and 40 in block 7 were omitted from the resale notice. Also we are satisfied from the record that, regardless of the rather ambiguous recital in the resale deed, there was no 1918 original sale involved.

Therefore we conclude that as to the five lots above named the resale deed, upon which plaintiff bases title, is void (Jones v. Storie, 1935, 172 Okla. 473, 40 P. 2d 1067), but as to the remaining 13 lots involved, the resale deed is valid. It follows that as to these 13 lots, plaintiff clearly had the right to redeem under section 12751, O. S. 1931, 68 Okla. St. Ann. § 392, and defendant's certificate tax deed to that extent is void. Scales v. Locke (1923) 96 Okla. 226, 221 P. 737; Burnett v. McGrath (1930) 146 Okla. 83, 293 P. 1102. Plaintiff has established title in herself to 13 lots and is entitled to a judgment quieting title in herself and canceling defendant's certificate deed as to such property.

2. Defendant argues that the trial court should not have admitted in evidence the record of plaintiff's resale deed without first making plaintiff prove that the original was lost. It will suffice to say that, since there was no denial of the execution of the resale deed and no issue made thereon, the error, if any, in the admission of evidence was harmless.

3. We will now consider plaintiff's right to successfully maintain her action

as to the remaining five lots which were not included in the advertisement of the tax sales. Since the resale deed is void for jurisdictional reasons as to these five lots, plaintiff has no title thereto either legal or equitable. Clewell v. Cottle (1924) 99 Okla. 84, 225 P. 946; Adams v. Toliver (1923) 91 Okla. 125, 217 P. 851; Blanchard v. Reed (1917) 67 Okla. 137, 168 P. 664. It is true that she may have a "legal interest" by reason of the tender statute, but that is not an interest in title. We deem it unnecessary to determine if this legal interest was sufficient to authorize plaintiff to redeem under the statute, because even if she had such right and defendant's certificate deed is also void, we do not think plaintiff is entitled to the relief she now seeks. Defendant has asked for no affirmative relief, but simply prays that plaintiff take nothing, and consequently we are not called upon to pass upon his title. The question is whether plaintiff, standing in the position of a holder of a void tax deed as to these five lots, can recover in an action to quiet title, regardless of the validity of defendant's title. It is the prevailing rule in this jurisdiction that in a statutory action to quiet title plaintiff must recover, if at all, upon the strength of his own title, and not on the weakness of his adversary's claim. McMurrough v. Alberty (1923) 90 Okla. 4, 215 P. 193. It is not necessary that plaintiff have title paramount to all others, but he must at least have some interest in title and that interest must be paramount to the claim of his adversary. Lewis v. Clements (1908) 21 Okla. 167, 95 P. 769; Clark v. Holmes (1912) 31 Okla. 164, 120 P. 642; Exchange Trust Co. v. Ireton (1923) 88 Okla. 262, 213 P. 309; compare Wilson v. Bombeck (1913) 38 Okla. 498, 134 P. 382, with Clark v. Duncanson (1920) 79 Okla. 180, 192 P. 806.

Plaintiff is therefore not entitled to the relief prayed for as to the five lots above specified.

4. Plaintiff further argues that defendant's answer amounted to a disclaimer because he claimed no interest in the property, and by general denial

denied plaintiff's allegation that he claimed an interest. But defendant's certificate deed was introduced without objection and the pleadings will be considered as amended to conform to the proof which discloses defendant's adverse claim.

The judgment is reversed, with directions to the trial court to proceed in accordance with the views herein expressed.

RILEY, OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., absent.