**J. W. McTIERNAN,**
**Plaintiff-Appellant,**

v.

**Marvin FRANKLIN, Acting Secretary of the Interior of the United States of America, et al., Defendants-Appellees.**

No. 74–1266.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 11, 1974.

Decided Jan. 7, 1975.

Jay R. Bond, Oklahoma City, Okl., for plaintiff-appellant.

George Verity, Oklahoma City, Okl. (David T. Burleson, El Paso, Tex., on the brief), for defendants-appellees El Paso Nat. Gas Co., Inexco Oil Co., Getty Oil Co., Freeport Oil Co. and R. G. Anderson.

Peter B. Bradford, Oklahoma City, Okl. (Ray G. Moss, Oklahoma City, Okl., on the brief), for defendant-appellee Northern Nat. Gas Co.

Dirk D. Snel, Dept. of Justice, Washington, D. C. (Wallace H. Johnson, Asst. Atty. Gen., William R. Burkett, U. S. Atty., James M. Peters, Asst. U. S. Atty., Oklahoma City, Okl., Edmund B. Clark, Dept. of Justice, on the brief), for defendant-appellee Secretary of the Interior.

Richard L. Dugger, Dist. Atty., Sayre, Okl., for defendant-appellee Bd. of County Commissioners of Roger Mills County, Oklahoma.

Wallace E. Robertson, Oklahoma City, Okl., for defendant-appellee, Statex Petroleum, Inc.

Before MURRAH, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This action results from a Board of Land Appeals' (Board) rejection of certain non-competitive oil and gas lease offers because of uncertain title. The applicant, J. W. McTiernan, filed suit in the United States District Court for the Western District of Oklahoma seeking, by amended pleadings, reversal of the Board's decision and an order directing it to reconsider the lease offers on the basis that the United States owned the minerals in question. The district court dismissed the action, and we affirm.

At issue are five tracts of land located in Roger Mills County, Oklahoma. In 1939 or 1940 these tracts were sold for delinquent taxes and purchased at a tax resale by the County's Board of Commissioners. Some time thereafter the Commissioners sold these tracts to the United States, reserving to the County all mineral rights for a period of fifty years.

In December, 1971, J. W. McTiernan filed five non-competitive oil and gas lease offers covering these tracts with the Bureau of Land Management. The offers were rejected for the reason that the minerals were not yet owned by the United States. McTiernan appealed to the Board of Land Appeals. He contended that the County's mineral reservations were void, thereby vesting title thereto in the United States as a matter of law, because the County acquired and sold the tracts in the state's taxing proc-

ess under which a grantee obtains a fee simple absolute.

The Board acknowledged that McTiernan had some support for his position but, because deeds to the tracts and government title opinions stated that the mineral rights were reserved to the County, found that title to the minerals was uncertain. On June 27, 1973, it affirmed the Bureau of Land Management's decision on the grounds "that oil and gas lease offers may properly be rejected in the exercise of administrative discretion when there is a 'mere uncertainty regarding title to oil and gas deposits.'"

On July 16, 1973, McTiernan instituted suit against the Acting Secretary, alleging that the Board's decision was an abuse of discretion because the evidence before it established that title to the mineral deposits was vested in the United States. The complaint requested that the Board's decision be reversed and that a writ of mandamus be issued directing the Secretary to accept McTiernan's lease offers.

McTiernan's subsequent motion to make the Secretary an additional party defendant was granted and an amended complaint was filed. A second amended complaint was filed on December 5, 1973, listing various oil and gas lessees of Roger Mills County, and the Board of County Commissioners, as defendants. This complaint requested that title to the lands in question be quieted in the United States.

All of the defendants filed motions to dismiss. At the hearing on these motions McTiernan orally amended his pleadings, deleting therefrom his request for mandamus and instead requesting the court to reverse the Board's decision and direct it to reconsider the lease of-fers on the basis that the United States owned the minerals.

On April 4, 1974, the court dismissed the action on the grounds (1) the Secretary, acting through the Board, properly exercised his discretion in refusing to grant the leases; (2) that McTiernan lacked standing to sue; and (3) that the action was barred as to all defendants other than the Secretary by the 90-day statute of limitations for filing oil and gas contests.[1]

On appeal McTiernan contends (1) the Board's decision was improper because it was based on the erroneous finding that title to the mineral rights was uncertain, and (2) title to the mineral rights is vested in the United States as a matter of law because the County's reservation thereof is void under Oklahoma law.

■ We do not believe the Secretary's decision to reject McTiernan's lease offers was improper. The Mineral Leasing Act, 30 U.S.C. § 181 et seq., gives the Secretary discretionary power to accept or reject oil and gas lease offers.[2] Although a tract, if leased, must go to the first qualified applicant, the Secretary may refuse to issue any lease at all on a given tract. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). Such is the situation here.

■ McTiernan contends the Secretary abused this discretion because his decision refusing the offers was not premised on the fact that title to the minerals was vested in the United States under Oklahoma law. Although he proffered some support for this position, the deeds and title opinions which stated that the mineral rights were reserved to the County made such a conclusion questionable. Because the reservations may be valid, and the minerals therefore not subject to the Secretary's disposition, the

1. 30 U.S.C. § 226–2 provides in part: "No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced . . . within ninety days after the final decision of the Secretary . . . .."

2. See, e. g., 30 U.S.C. § 226(a), which provides: "All lands subject to disposition under this chapter which are known or believed to contain oil or gas deposits may be leased by the Secretary." (Emphasis added).

decision refusing McTiernan's offers was proper.[3]

■ Under these circumstances the only alternative available to the Secretary, and the course McTiernan apparently believes should have been taken, would have been to administratively determine title to the mineral rights. Such a decision, however, can only be made in a quiet title action. Since McTiernan's oil and gas lease offer does not give him a vested property right, Hannifin v. Morton, 444 F.2d 200, 203 (10th Cir. 1971), he has no standing to question title to the mineral rights. Clark v. Holmes, 31 Okl. 164, 120 P. 642 (1912). We therefore find it unnecessary to consider the effect of Oklahoma law on the mineral rights in question.

Affirmed.

---

3. 43 CFR § 2091.1 provides in part: "[A]pplications . . . must be rejected . . . when approval . . . is prevented by:
  (a) Withdrawal or reservation of the lands;

\* \* \* \* \* \*
  (e) The fact that for any reason the land has not been made subject . . . to the operation of the public land laws."