## BYINGTON v. RIDER.

1. TAX SALE: FORECLOSURE. The provisions of the Code authorizing proceedings in the District Court to foreclose the equity of redemption, remaining in the owner of property sold for taxes, was repealed by chapter 152, laws of the Seventh General Assembly, (1858.) The remedy remains, however, to purchasers of property, at sales made for taxes in June, 1856.
2. OWNER: LESSEE MAY REDEEM. The lessee of property sold for taxes is an owner within the meaning of section 505, Code of 1851, and as such is entitled to redeem, though his interest is acquired after the sale, and the redemption is made without the knowledge or authority of the owner of the fee.
3. LIMITATION. Under chapter 152, laws of the Seventh General Assembly, the owner of property sold for taxes may redeem at any time within five years from the date of the sale. At the expiration of five years if not redeemed, the title vests absolutely in the purchaser.
4. To WHOM PAYMENT SHALL BE MADE. The payment of the amount necessary to redeem may be made to the treasurer of the county, though the purchaser resides in the county in which the property is situated.
5. WHAT TAXES SHALL BE REFUNDED. The words, "any taxes on the land paid by the purchaser," in section 505, Code of 1851, have reference only to taxes levied under the authority of State laws, and are collected by the county treasurer. They do not include taxes levied by municipal corporations.

*Appeal from Johnson District Court.*

THURSDAY, NOVEMBER 3.

*Le Grand Byington, pro se.*

No appearance for the appellee.

STOCKTON, J.—The petition sets forth that the plaintiff on the 20th of June, 1856, purchased lot No. 6, in block No. 56, in Iowa City, at a sale by the treasurer of Johnson county for the delinquent taxes of 1855. That H. E. Lindsey was at the time the owner of the lot, and A. J. Rider has some interest therein, both of whom are made defendants. That plaintiff had since paid all the subsequent taxes on said lot, and " corporation taxes " for 1856, 1857 and 1858, no

part of which has been refunded to him; and he prays that the equity of redemption of defendants may be barred and foreclosed, and that his, the plaintiff's, title to the lot may be made absolute.

There was no notice to Lindsey. Rider appeared, and an agreed statement is made and signed by plaintiff and Rider, by which the facts alleged in the petition are admitted to be true, and by which it further appears, that on 1st May, 1859, before the commencement of this suit, Rider, claiming to be a lessee in possession of the lot, in order to redeem the same from the purchase made by the plaintiff at the tax sale, paid to the county treasurer the amount of taxes paid by plaintiff on the lot with twenty-five *per centum per annum* added thereto, but not including any "corporation taxes" paid by him thereon. It is further agreed by the parties that the plaintiff's deed had not been recorded; and that defendant knew that plaintiff resided in Johnson county at the date of the certificate of redemption, but made no offer to redeem of him in person.

The cause being submitted to the court on the petition and agreed statement of facts, judgment was rendered for the defendant.

1. The first question to be determined is, whether since the taking effect of the act of March 23d, 1858, entitled "an Act in relation to Revenues," (session acts, p. 305) the remedy by foreclosure, as given by the Code, section 506, still remains to the plaintiff. By virtue of his purchase, and the deed of the treasurer, the plaintiff acquired the same lien upon the land that the county and State held by virtue of the levy of the taxes. *Code, sections* 495 *and* 503. The title conveyed by the treasurer's deed only became absolute by the decree of the District Court upon the petition of the purchaser to that effect, as in case of foreclosure of a mortgage. This suit he was authorized to commence at any time after six months from the day of sale; and at any time before decree made, the owner was entitled to redeem the land and extinguish the lien as provided in the Code, section

505, as amended by the *act of January* 22d, 1853, *ch.* 69, *section* 16, *p.* 122.

By the act of 1858, ch. 152, the purchaser at the tax sale, from the time of filing his deed for record, acquires the same lien on the property sold as under the 'Code, section 503. No provision is made by this act however, for cutting off the right of the owner to redeem from the tax sale, by decree of the District Court. This right continues for five years, and not until the expiration of that time does the title of the purchaser become absolute. (*Section* 59, 60, *act of* 1858, *p.* 324.) By *section* 84, all acts and parts of acts conflicting with the provisions of the act above cited, so far as they conflict with the same, are repealed. The provisions of the Code authorizing proceedings in the District Court to cut off the right of redemption on tax sales, are therefore no longer in force as to all sales made after the taking effect of the act. The remedy is not, however, to be understood as being applicable to a tax sale made in June, 1856. It still remained to the plaintiff upon · his tax deed obtained in that year.

2. The second question made, is whether the defendant, Rider, had such an interest in the lot as entitled him to the right to redeem the same from the tax sale. It is objected to his right that he acquired his interest in the lot after the tax sale, and that he redeemed without the knowledge of his lessor. We cannot understand the right of redemption given under the Code, *section* 505, as being confined to the owner in fee simple of the property sold. A lessee is in a substantial sense an owner of the property, whether he be a lessee for life, or years, or at will. A redemption by him may be essential to the protection of a substantial right. Nor do we consider it any valid objection to his claim to redeem, that he has acquired his interest since the sale for taxes; nor that he redeems without the knowledge of the fee simple owner.

3. The right of redemption is not confined to two years from the date of the sale for taxes; under the provisions of

the Code it continued until the title was made absolute in the purchaser by decree of the District Court. Under the act of 1858 it continues for five years from the date of the sale; *section* 60, *p.* 324.

4. The treasurer's certificate of redemption produced by defendant, Rider, in connection with the agreed statement of the parties, was conclusive evidence of the fact that said Rider had paid to the county treasurer, in order to redeem the lot, the amount paid thereon by the plaintiff with interest at the rate of twenty-five *per centum per annum;* and fully authorized the judgment of the court that the lot was thereby redeemed from the sale made to the plaintiff, and from all liens resulting therefrom.

5. The objection that the defendant did not redeem by paying the money to the plaintiff in person was properly overruled. The statute (*Code, section* 505) authorizes the payment to be made to the purchaser, his agent or attorney, or to the county treasurer.

6. The petition avers that since the purchase by him at tax sale, besides the county taxes, he had paid the "corporation taxes" on the lot for the years 1856, 1857 and 1858, amounting to $100; and it is objected to the certificate of redemption that it does not show that such "corporation taxes" had been refunded to the plaintiff. It is conceded that they have not been so refunded, and that they are not covered by the certificate; and the question is whether the defendant was bound to repay the amount of these taxes to the plaintiff before his redemption was complete. We think the words, "any taxes on the land paid by the purchaser," where they occur in the statute (*Code, section* 505,) have reference to State and County taxes alone, or such as are levied under the authority of State laws, and are collected by the county treasurer. The term "corporation taxes" is a very indefinite one, and the averments of the petition are not so explicit as to enable us to determine exactly what kind of taxes are meant, or by what authority they have been levied.

If reference is had to taxes levied by the authority of the

corporation of Iowa City, we are of opinion that the defendant was not under any obligation to refund to the plaintiff the amount of any such taxes, with interest, in order to redeem the lot from the sale made by the county treasurer for delinquent taxes due to the county and State.

Judgment affirmed.