FOSTER v. BOWMAN ET AL.

| 55 | 237 |
| 117 | 63 |

| 55 | 237 |
| 119 | 282 |

| 55 | 237 |
| 141 | 517 |

1. **Evidence:** JUDGMENT: CONTENTS OF COURT RECORD. A decree is not void or incompetent as evidence because it refers to the petition in the action for a description of the real estate affected thereby, and where the loss or destruction of the petition is shown its contents may be established by parol.

2. **Tax Sale:** WHO MAY REDEEM FROM. One who is in possession of real estate under color of title is entitled to redeem from a sale thereof for taxes.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 14.

THE plaintiff claims that certain real estate was purchased by the defendants Shoemakers at a tax sale, and that he has a right to redeem the same, and that his right to do so has been denied by the county auditor. This action was brought to

enforce such right.   Decree for the plaintiff and defendants appeal.

*W. S. Shoemaker*, for appellants.

*Dailey & Burke*, for appellee.

SEEVERS, J.—I.   If the plaintiff had such an interest in the real estate as entitled him to redeem from the tax sale, the decree is right.

The land in controversy, about four acres, is a part of the west half of the northeast quarter of section twenty-five, in township seventy-five north, of range forty-four west, which was patented to William Pollock by the United States in 1855.   It does not certainly appear when Pollock paid the United States for the land, but we infer he did so in 1853. The four acres in controversy was purchased by Shoemakers at a tax sale in 1876, and the plaintiff entered into the actual possession thereof in 1877.   It is insisted such possession was fraudulent.   We are unable to so find; on the contrary, we think it was taken in good faith under the belief a title could be acquired before the period of redemption expired. Such possession was hostile to the tax purchaser and so understood by both parties.   If, previous to the expiration of the period for redemption, he in fact became vested with an interest which, coupled with possession, entitled him to redeem, the plaintiff could well invoke the possession in aid of his right.   For from the period he obtained such interest or color of title, his possession thereafter could not be said to be the possession of a stranger.   From such period at least he ceased to be a trespasser.   For the purpose of showing he had title or an interest in the premises, the plaintiff offered in evidence a decree of the district court rendered at the May term, 1854, in an action for specific performance wherein Stephen T. Carey was plaintiff and Cornelius Voorhies, administrator of William Pollock, and the heirs at law of the latter, were defendants, whereby it was decreed the adminis-

trator aforesaid should execute and deliver to said Carey a good and sufficient deed to the real estate described in the petition. The defendant objected to the introduction of this decree in evidence, but the same was overruled. It is now insisted: *First.* That the decree does not describe the property in controversy. In one sense this is true. It, however, in apt and sufficient words, refers to the petition for a description of the property decreed to be conveyed. It is sufficient for the present to say the decree is not void if the real estate was in fact sufficiently described in the petition. *Second.* That it appears Pollock had a pre-emption right to the land, and Carey furnished the money to purchase the same of the United States; in consideration therefor Pollock agreed to convey one-half of the premises to Carey. Such a contract is said to be fraudulent under the laws of the United States. Conceding this to be true, it is questionable whether such defense should not have been set up in the action for specific performance, and as the same was not done, that it could not now be urged even by the heirs at law of Pollock. But be this as it may, we think it clear the defendants cannot be permitted to urge such objection to the decree. *Third.* That the decree on its face shows no evidence was introduced but the allegations of the petition were taken as confessed. Conceding this to be true, we are not prepared to say the decree is, therefore, void. The court had jurisdiction of the parties and subject matter. This being so, the decree cannot be adjudged void in a collateral proceeding for the reason above stated. *Fourth.* It is lastly urged the court did not have jurisdiction to render the decree because it was rendered in 1854, and the patent did not issue until 1855, and, therefore, the heirs of Pollock did not have the legal title. Conceding this to be true, Pollock paid the government for the land in 1853, and the heirs were vested with an equitable title at the time the decree was rendered. This was such an interest as gave the court jurisdiction over the subject matter.

II. The plaintiff next offered to introduce in evidence a

deed executed May 20, 1854, by the administrator aforesaid,

1. EVIDENCE: judgment: contents of court record. which was made in pursuance of the above decree conveying the undivided one-half of the west half of the northeast quarter of section 25, township seventy-five north, of range forty-four west, to Stephen T. Carey. To the introduction of this deed the defendants objected because it was not shown the administrator had any authority to convey the land therein described. This objection, as we understand, is based on the thought the land conveyed was not described in the decree. The presumption, however, should, we think, be indulged that the petition properly and sufficiently described the real estate decreed to be conveyed. If this is not true, the clerk testified he had made search in his office for the petition and other papers, and the same could not be found. There was evidence showing a portion of the records had been destroyed by fire about the year 1867. This was sufficient to warrant the introduction of secondary evidence of the contents of the petition. I. P. Cassady testified he had examined the petition, and without setting out the evidence, it is sufficient to say the real estate was sufficiently described therein. This evidence was also objected to because it could not aid the record made by the court in the decree. The objection was properly overruled. The petition constituted a part of the records. Code, § 196. If it had been in existence it would have been admissible as evidence for the purpose of identifying the premises referred to in the decree. This being so, it follows, the loss of the petition being shown, that its contents could be established by secondary evidence. When in an action for specific performance the real estate is properly described in the petition, there is no necessity of doing so again in any of the subsequent proceedings of the court if such description is sufficiently and in apt words referred to as being contained therein.

III. The plaintiff next offered in evidence a mortgage executed by Stephen T. Carey, of the land conveyed to him as

aforesaid, to the school fund commissioner. This was followed by a deed executed by the sheriff in pursuance of a foreclosure of said mortgage, and a sale of the premises conveying the same to the Fairview Cemetery Association. Objections were made to the foregoing, but we do not understand the same to be now insisted on.

The plaintiff also introduced in evidence a deed from said association, conveying the premises in controversy to the plaintiff. It is urged this deed was inadmissable, because as the petition asked to redeem from the tax sale the validity of the sale was thereby affirmed, and it is incompetent for the plaintiff to prove the real estate was not taxable. This point is made we think, under a misapprehension of the facts. The plaintiff does not claim the property was not taxable. The deed from the association in no manner tended to make a different case from that stated in the petition. Besides this, if there is any testimony contained in the record showing the property of the association was not taxable, it has escaped our notice, and certainly we cannot so infer from the name alone. But conceding all that is claimed, no one but the association or its grantees can be permitted to say the property was not liable to taxation.

IV. As to the other undivided half of the property in controversy, the plaintiff introduced the following evidence: *First.* The records of the County Court of the proper county showing that in 1855 an application was made by the administrator of Pollock's estate, to sell the real property belonging to the estate for the payment of debts, and under date of March, 1856, said records show that the application was granted, and authority given the administrator to sell the undivided one-half of the W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 25, township 75 north, of range 44 west, for the purpose aforesaid. *Second.* A deed executed by the administrator, dated April 12, 1856, made in pursuance of the order aforesaid conveying the premises last described to R. B. Pegram. This deed was acknowledged before the county judge. But there

was no evidence tending to prove it had been approved by said judge or the court, unless the acknowledgment aforesaid constituted a sufficient approval under §§ 1354, 1355 of the Code of 1851.

It is now insisted the deed to Pegram was absolutley void, because it was not approved. The plaintiff also introduced in evidence a deed from Pegram, conveying the real estate in controversy to the plaintiff.

The order of the County Court authorizing the sale by the administrator contained a provision it was to be made "subject to all equities of the occupants thereon." The deed, however, does not contain any such reservation. It is insisted, for aught that appears, the land in controversy is within the reservation contemplated by the court, and the plaintiff should have established it was not. But we think as the deed contained no such reservation, the presumption should be indulged the rights of the occupants had been adjusted, or if this be not true, the burden we think was on the defendants, to show the premises in controversy was within the reservation.

Whether the deed to Pegram is void as between the plaintiff and the heirs at law of Pollock, or whether their right to contest its validity is barred by the statute (Code, § 2401), we have occasion to determine. Such deed with the conveyance from Pegram gives the plaintiff color of title or interest in the premises, which together with his actual possession may ripen into a title even as against said heirs.

V. The defendants introduced in evidence certain conveyances, which it is claimed tended to establish the premises in controversy belonged to persons other than the plaintiff. Whether they established such fact, depends upon the question whether the four acres are embraced within the metes and bounds given in said conveyances. We incline to think it is not, and there was evidence so tending. But this question we cannot undertake to determine, because the abstract fails to state all the evidence is contained therein. All that appears is that the "trial judge appended his certificate" to

the "short hand reporter's report of the evidence, certifying that said report contained all the evidence introduced on the trial." Without doubt the reporter's notes contained all the evidence, but they are not before us, and the foregoing statement falls far short of saying the abstract contains all the evidence.

VI.   It has been held the statutes providing for redemption from tax sales should be liberally construed.   *Burton v.* 2. TAX SALE: *Hintrager*, 18 Iowa, 348; *Adams v. Beale*, 19 who may re- deem from. Id., 61; *Corning Town Co. v. Davis*, 44 Id., 622; *Rice v. Nelson*, 27 Id., 148.   In the last case it was held that a person claiming under a deed for an unassigned right of dower could redeem, and it is then said: "Any right which in law or equity amounts to ownership in the land, any right of entry upon it, to its possession or the enjoyment of any part of it which can be deemed an estate, makes an owner of it so far as it is necessary to give the right to redeem."

In *Byington v. Ryder*, 9 Iowa, 566, it was held that a lessee for "life, or years, or at will" could redeem, and further, that the fact such interest was obtained after the tax sale made no differenee.   In *Shearer v. Woodburn*, 10 Pa. St., 511, the land was reputed to belong to Harper, and was sold as such by the sheriff.   The defendant claimed title under such sale, and it was held he had such an interest as authorized him to redeem from tax sale.   See, also, Cooley on Taxation, 366.

The plaintiff was in possession under color of title.   This, we think, is such an interest as entitled him to redeem. This being so, the errors discussed by counsel other than those we have considered are immaterial.

AFFIRMED.