**SCALES, Adm'r, et al. v. LOCKE.**

No. 12317—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Taxation—Right of Lessee to Redeem Real Estate.**

A lessee of real property who is in possession, whether as a lessee for life, years, or at will, has such an interest in the property as will entitle him to redeem, as provided in section 7747, Comp. Stat. 1921.

2. **Same—Invalidity of Tax Deed Issued After Redemption.**

Under and by virtue of sections 9747 and 9749, Comp. Stat. 1921, when the county treasurer has issued a certificate of redemption as provided in section 9747, Comp. Stat. 1921, he is without authority to thereafter issue a tax deed, with said certificate of redemption is in full force and effect.

3. **Same—Reversal of Judgment.**

Record examined, and held, the trial court erred in rendering judgment for the plaintiff and against the defendant.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Ira A. Locke against S. F. Scales, administrator, and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

A. M. Baldwin and F. H. Reily, for plaintiffs in error.

T. G. Cutlip, for defendant in error.

McNEILL, J. This action was commenced in the district court of Pottawatomie county by Ira Locke against S. F. Scales, administrator of the estate of Millie Jude, and Frank Files to quiet title to lots 38 to 45, inclusive, in block 3, Riverside addition to the city of Shawnee. Plaintiff claims title by virtue of a tax deed, a copy of which is attached to said petition, executed the 5th day of August, 1920. The defendants answered, alleging the tax

deed was void, because Scales, as the administrator of the estate of Millie Jude, had redeemed said property on the 30th day of December, 1919, and the county treasurer of said county had issued to him a redemption certificate, which was attached to defendant's answer, and by reason of issuing said certificate the county treasurer had no authority to execute said tax deed. It is also alleged the tax deed is void for various other reasons.

The case was tried to the court without a jury, and the court made findings of fact and conclusions of law. The court found, in substance, that Scales was the administrator of the estate of Millie Jude, deceased. That in the year 1908 or 1909, Kershner Brothers of the city of Shawnee were the agents of Linebaugh, the then title owner of the land in question, and during said year entered into a verbal contract with————Jude and Millie Jude to sell said real estate to them, but the contract was never completed, and that Jude paid to Kershner Brothers the sum of $17 rent and no more. The court found no written contract for sale was ever entered into by the owner of the property and Jude. The court further found that Millie Jude went into possession of said land under a rental contract and had been in possession of the property for many years prior to her death and her administrator was in possession at the time of filing suit. The court further found that the county treasurer of Pottawatomie county failed to issue tax sale certificate for the year 1914, and none was issued for the taxes on said property for the year 1913 until the same was assigned by the county treasurer of Pottawatomie county to Ira A. Locke. The court further found that after the tax sale certificate for the year 1913 had been issued and assigned to Ira A. Locke, the county treasurer of Pottawatomie county, on the 30th day of December, 1919, issued a redemption certificate to S. F. Scales, administrator of the estate of Millie Jude, deceased, he having paid the full amount of interest, taxes, and costs to redeem the same. The court then found that thereafter, in 1920, Ira A. Locke proceeded to obtain a tax deed and said tax deed was executed by the county treasurer on the 5th day of August, 1920. The court found, under these facts, that Scales had no authority to redeem the premises from the tax sale for the year 1913. The court then found for the plaintiff and against the defendants.

We think the judgment of the court was erroneous for two reasons. Section 9747, Comp. Stat. 1921, provides, in substance: The owner of any land sold for taxes or any person having the legal or equitable interest therein may redeem the same at any time within two years after the date of said sale, or at any time before the execution of a deed of conveyance therefor by the county treasurer. The court did find that Jude entered into possession of the land under a rental contract and she and her administrator had been in possession of the same for eleven or twelve years prior to the time of instituting this suit.

The Supreme Court of Iowa in the case of Byington v. Rider, 9 Iowa, 566, stated as follows:

"We cannot understand the right of redemption given under the Code, section 505, as being confined to the owner in fee simple of the property sold. A lessee is in a substantial sense an owner of the property, whether he be a lessee for life, or years, or at will. A redemption by him may be essential to the protection of a substantial right. Nor do we consider it any valid objection to his claim to redeem that he has acquired his interest since the sale, for taxes; nor that he redeems without the knowledge of the fee-simple owner."

The above case has been cited and approved in the case of Foster v. Bowman et al. (Iowa) 7 N. W. 513, and Swan v. Harvey (Iowa) 90 N. W. 489.

37 Cyc. 1383, states as follows:

"As a general rule any person may redeem land from a tax sale who has an interest in the property which would be affected by the maturity of the tax title in the purchaser. This includes a lessee of the premises. * * *"

Section 9749 of our statutes provides, before a tax deed can be obtained, written notice must be served upon the person in possession of the land. If a lessee is in possession of the land and has no right to redeem, there would be no reason why service should be made upon him. It was evidently intended that the person in possession should be served with notice, and this gives him an opportunity to protect what right or interest he had in the property or to protect his leasehold estate. The court having found that the defendant had entered into possession under a rental contract made the relation of landlord and tenant exist, therefore the lessee had such an interest that would entitle him to redemption.

We think the judgment of the court is erroneous for another reason. Sections 9747 and 9749, Comp. Stat. 1921, relate to redemption of land sold for taxes, and section 9750 enumerates what the tax deed shall be presumptive evidence of. The third section is as follows, to wit:   "That the

real property deed had not been redeemed from sale at the date of the deed." Upon what theory can a treasurer issue a tax deed, making it presumptive evidence that the land has not been redeemed, when his records affirmatively disclose it has been redeemed?

Section 9747, Comp. Stat. 1921, provides, in substance, the owner may redeem by paying the treasurer for the use of the purchaser the sum mentioned in the certificate and interest at the rate of 18 per cent. per annum, together with all other taxes subsequently paid, with interest thereon at the same rate, and upon receiving said sum, the treasurer shall enter a memorandum of redemption on the list of sale, giving a receipt to the person redeeming the same, and filing a duplicate of the same with the county clerk, and hold the money to the order of the purchaser of the certificate, his agent or attorney. We think, whenever the county treasurer has received the full amount of the tax, with interest and costs, and has entered a memorandum of redemption on the list of sales, and given his receipt to the person redeeming the same, that he is without authority and jurisdiction while said certificate of redemption is in full force and effect to thereafter execute a tax deed. While there are some authorities that hold the holder of the certificate may ignore a redemption certificate, if the property has been redeemed by some one not authorized, we do think under our statutes that such a rule cannot prevail.

We therefore conclude that when the records of the county treasurer disclose that the owner or person claiming to be the owner has paid the full amount of interest, costs, and penalty provided by law for the redemption of said land, and the county treasurer has received the same and issued his redemption certificate as provided by law, the county treasurer, while said certificate is in full force and effect, has no authority or jurisdiction to execute a tax deed to the holder of the certificate. Under the findings of fact made by the trial court, the county treasurer was without authority or jurisdiction to execute a tax deed, and the same was void, and the court committed reversible error in rendering judgment for said plaintiff.

For the reasons stated, the judgment of the court is reversed, and the cause remanded, with directions to the trial court to dismiss the petition.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.