### BURNETT, Ex'x, v. McGRATH.

No. 18751. Opinion Filed Nov. 25, 1930.

Crawford D. Bennett and Twyford & Smith, for plaintiff in error.

H. A. Wilkinson and Roscoe Bell, for defendant in error.

RILEY, J. M. McGrath brought this action against S. S. Burnett to cancel a resale tax deed, for incidental relief, and for quieting of title as affecting the certain described triangular plot of ground consisting of about two acres and located in Glen Echo addition to Oklahoma City. Mr. Burnett died pending the action, and the cause was revived in the name of the executrix, his widow. McGrath acquired his title by quitclaim deed from Kate H. Dunn and her husband, Ed L. Dunn, for a consideration of $200, the conveyance being executed February 7, 1922, subsequent to negotiations by telegrams amounting to a contract of sale and purchase. At the time of the culmination of the contract of purchase and prior to the execution and delivery of the deed aforesaid, McGrath paid to the treasurer of Oklahoma county back taxes, interest, penalties, and costs as charged against the described property. The county treasurer issued to McGrath a redemption certificate and tax receipt dated January 27, 1922. Seventeen months later, and on July 17, 1923, the said county treasurer issued to Mr. Burnett the resale tax deed herein considered, which was by judgment below canceled. This resale tax deed was based upon a resale conducted by the county treasurer and occurring on January 16, 1922, upon which date the real estate here involved was sold at resale to Mr. Burnett.

McGrath brought the instant action for cancellation of the resale tax deed two months after it was executed and recorded. He states in his brief that he instituted the action under section 9750, C. O. S. 1921, but we observe said section is not one of procedure relative to the cancellation of tax deeds. No doubt the intention was to cite section 8751, C. O. S. 1921, relative to procedure to cancel such deed.

The judgment below was for plaintiff canceling resale tax deed and quieting title.

From our view and consideration of the case at bar the judgment below must be affirmed, for as stated in Scales v. Locke, 96 Okla. 226, 221 Pac. 737:

"Under and by virtue of sections 9747, 9749, C. S. 1921, when the county treasurer has issued a certificate of redemption as provided in section 9747, C. O. S. 1921, he is without authority to thereafter issue a tax deed while said certificate of redemption is in full force and effect."

Complaint is made that, inasmuch as McGrath was not the record owner, he had no redeemable interest. The law does not limit the right of redemption to the record owner, but extends that right to the equitable owner as well. Michie v. Haas, 134 Okla. 57, 272 Pac. 883; Gulager v. Coon, 93 Okla. 62, 218 Pac. 701; Sharum v. Berd, 96 Okla. 30, 220 Pac. 478; Byington v. Rider, 9 Iowa, 566.

Therefore, we hold that, as provided by statute, McGrath, as equitable owner, had the right to redeem the property from tax sale and resale, and by virtue of his redemp-

tion prior to issuance of resale tax deed, the county treasurer was divested of authority to issue the resale tax deed. The property having been redeemed, and there being no authority for the issuance of the resale tax deed, the latter was rightfully canceled.

It is urged that the redeemer, McGrath, did not pay enough to rightfully entitle him to the redemption certificate.

The fact remains that he paid all required by the county treasurer, in order to secure the redemption certificate, and as long as that instrument remained in force it served to bar the rightful issuance of the resale tax deed. Judgment affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent, not participating.