## McAFEE v. VAHLBERG, County Treas., et al.

No. 26590.   Sept. 21, 1937.

Willingham & Farris and T. K. Quillin, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendants in error.

DAVISON, J. The plaintiff, C. E. McAfee, filed this action to obtain a writ of mandamus against Wm. F. Vahlberg, county treasurer of Oklahoma county, directing the defendant to issue a tax deed conveying certain property to the plaintiff, he being the owner of tax certificates upon the property.

The county treasurer filed his answer alleging that a tender of the redemption money had been made, and that while the certificate of redemption had not been issued, it was only because this action had been filed in the meantime, and hence he was without authority to issue the tax deed.

By permission of the court, E. C. Baily filed his plea of intervention, alleging that he was the owner of the land in question and had tendered to the county treasurer the full amount required for redemption.   The allegations of the plaintiff's petition were

564

denied by both the county treasurer and the intervener. The writ of mandamus was disallowed, and the plaintiff appealed.

The plaintiff has presented several contentions of error, based upon the alleged fact that the tax deed of the intervener, under which he claims title, is void, and that no rights can accrue under a void tax deed; and that the intervener had no rights under the redemption statute.

It is uncontradicted that the intervener had tendered all amounts due for redemption of the certificates held by plaintiff, and before any deed was made and some days before this action was commenced. The testimony further shows that the intervener and his predecessor in title have been, through tenants, in undisputed possession of all the property involved in this litigation since their purchase of the property at tax sale in 1921 and 1924. It is further shown that many years' taxes have been paid by intervener and his grantor since the lands were purchased.

The principal question presented for our determination is, regardless of the question of the validity of the intervener's title, Did he have such an interest in the land as would permit him to redeem the land?

Let us not lose sight of the fact that this is not an action in ejectment nor a suit to cancel deed and quiet title, but an action for a writ of mandamus.

The right of redemption of real estate from sale for taxes as provided in section 12751, O. S. 1931, is in part as follows:

"In case the owner of real estate, or any person having any legal or equitable interest therein, is desirous of redeeming the same from sale, * * * he shall have the right to do so at any time before such real estate is conveyed by deed to a purchaser."

Then, in this case, when the intervener and his predecessor in title paid all of the consideration for the tax deeds, and have paid many years' taxes since and been in continuous possession since the 1921 and 1924 resales for taxes, would the intervener come within the provisions of the redemption statute? We think so. In Scales v. Locke, 96 Okla. 226, 221 P. 737, this court held:

"A lessee of real property who is in possession whether as a lessee for life, years or at will, has such an interest in the property as will entitle him to redeem, as provided in section 7747 (9747) Compiled Statutes 1921."

The court quoted with approval from the Supreme Court of Iowa in the case of Byington v. Rider, 9 Iowa, 566, as follows:

" 'We cannot understand the right of redemption given under the Code, section 505, as being confined to the owner in fee simple of the property sold. A lessee is in a substantial sense an owner of the property, whether he be a lessee for life, or years, or at will. A redemption by him may be essential to the protection of a substantial right. Nor do we consider it any valid objection to his claim to redeem, that he has acquired his interest since the sale for taxes; nor that he redeems without the knowledge of the fee-simple owner' "

—and said:

"We therefore conclude that when the records of the county treasurer disclose that the owner or person claiming to be the owner has paid the full amount of interest, costs, and penalty provided by law for the redemption of said land, and the county treasurer has received the same and issued his redemption certificate as provided by law, the county treasurer, while said certificate is in full force and effect, has no authority or jurisdiction to execute a tax deed to the holder of the certificate. Under the findings of fact made by the trial court, the county treasurer was without authority or jurisdiction to execute a tax deed, and the same was void, and the court committed reversible error in rendering judgment for said plaintiff."

We hold that the rule would be equally true, as in the instant case, where the taxes due for redemption have been paid, and the treasurer was prevented from issuing redemption certificate because of suit filed against him.

In Cone v. Usher (Kan.) 122 P. 1049, that court said:

"Therefore, the holder of a defective tax deed may be regarded as the owner to the extent that he may keep the land free from subsequent invalid tax titles, provided the right be exercised within the time limit fixed by law."

In Burnett v. McGrath, 146 Okla. 83, 293 P. 1102, this court held:

"Equitable owner as well as record owner, may redeem property from tax sale (Comp. St. 1921, secs. 9747, 9749)"

—citing as authority Michie v. Haas, 134 Okla. 57, 272 P. 883; Gulager v. Coon, 93 Okla. 62, 218 P. 701; Sharum v. Berd, 96 Okla. 30, 220 P. 478; Byington v. Rider, 9 Iowa, 566. This question is so well settled in this state as to make it unnecessary to give it further consideration here.

This being an action for extraordinary relief by writ of mandamus, let us consider the rights of the plaintiff in such a procedure. Under the provision of section 730, O. S. 1931, we find that the writ of mandamus may be issued to any inferior tribunal, corporation, board or person, "* * * to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station. * * *"

We are not aware of any official duty enjoined upon a county treasurer which would require him to violate the provisions of section 12751, supra, and refuse to accept the amount of taxes due on real property sold at tax sale where there is an outstanding tax sale certificate, when same is tendered by a person coming within the provision of such statute. Neither have we been able to find where this court has held that the title to real property and the determination of the rights of parties thereto, under an alleged void deed, may be litigated and determined in a mandamus action which asks only that an official be required to perform an official duty. One of the official duties of the county treasurer is to collect taxes due against property previously sold for taxes. He is not interested in the validity or voidability of the deed held by the party offering to pay the taxes due to redeem the land.

The question of whether or not the deed of intervener, E. C. Baily, is valid, void, or voidable is not before the court. Neither is it necessary to determine whether or not the trial court erred in sustaining the motion of the plaintiff for an extension of time in which to make and serve case-made.

Finding no error in the action of the trial court, the judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.