## HENRY v. BROWN et ux.

No. 30307. Jan. 27, 1942.

*121 P. 2d 594.*

Rogers, Stephenson & Dickason, of Tulsa, for plaintiff in error.

Max G. Cohen, of Tulsa, for defendants in error.

GIBSON, J. This action was commenced in the district court of Tulsa county by C. C. Brown and Agnes Brown, his wife, against Cecil Henry, Grant R. McCullough, and the board of county commissioners and the county

110

treasurer of said county to quiet title to certain real property.

Plaintiffs alleged that they were the owners of said premises and in possession thereof not only by prescriptive right but by virtue of a purchase agreement entered into with the prior owner under which they paid the purchase price and entered into possession in 1920, and by virtue of a guardian's deed executed in 1925 on behalf of said former owner who, in the meantime, had been declared incompetent.

It was further alleged that the defendant Henry claimed some right, title, or interest in the premises by virtue of a deed executed June 30, 1939, by the county commissioners claiming title in the county under a resale tax deed issued pursuant to the 1939 resale, but that said commissioners' deed was invalid, and inferior to plaintiffs' title for the reason, among others, that plaintiffs had attempted in good faith to redeem the land from the tax sale in the time allowed by law (sec. 14, art. 31, ch. 66, S. L. 1939, 68 Okla. Stat. Ann. Sup. § 432-m), but were prevented from so doing by the act of the county treasurer in refusing to accept payment and to issue redemption certificate.

It was also alleged that the defendant McCullough claimed some interest in the land by reason of a sheriff's deed executed December 13, 1926, pursuant to foreclosure of a mortgage executed in 1921 by the former owner aforesaid, but that said deed was now of no force or effect for the reason that McCullough had not taken possession of the land and had allowed plaintiffs' adverse possession to ripen into title by prescription.

McCullough filed a disclaimer, and Henry answered, setting up his commissioners' deed and seeking possession thereunder and to quiet title.

Henry stood on his demurrer to plaintiffs' evidence after the same was overruled. Thereupon, after plaintiffs had deposited with the clerk, for the use of Henry, the proper sum to redeem the land, judgment was rendered for plaintiffs sustaining their title and quieting the same against the defendants.

Henry has appealed, assigning as error the action of the trial court in overruling his demurrer as aforesaid.

Defendant does not dispute the right of the record owner or one having a legal or equitable interest in the land to redeem in such case, but asserts that plaintiffs were without sufficient interest as defined by the statute to entitle them to redeem.

That portion of section 14 of the 1939 Act, supra, material to the issue provides that "the last record owner of any real estate sold at the 1939 tax resale, or any person having a legal or equitable interest therein, may redeem the same by paying to the county treasurer on or before the 1st day of December, 1939, the full amount paid for resale deed . . .; such redemption shall be evidenced by a certificate of the county treasurer. . . ."

The question is whether plaintiffs' title was of such a nature as to entitle them to redeem, and, if sufficient, whether their attempt to redeem was sufficient to avoid defendant's deed.

The undisputed evidence was that plaintiffs became the owners of the land and went into possession in 1920, and remained in possession up until the time the present action was commenced. So far as the record shows, the mortgage was legally foreclosed, and the sheriff's deed issued to McCullough under date of December 13, 1926, divested plaintiffs of all their right, title, and interest in the premises. No move was made to dispossess plaintiffs, and they remained in possession claiming adversely to McCullough and all the world. However, the evidence clearly shows that their possession had not ripened into title by prescription. Plaintiffs made a bona fide attempt to redeem the land, but were refused by the county treasurer as alleged.

In our opinion the plaintiffs' interest was sufficient, within the meaning of the statute, to entitle them to redeem. They were not the record owners, but they held a legal interest that would have been materially affected by the tax deed had it been allowed to stand. At no time since 1926 had McCullough interfered with plaintiffs' possession by demand for possession, by writ of assistance or otherwise, but had allowed them to occupy the land without molestation. They had become, and still remained, tenants at sufferance. 41 C. J. 618, § 585; 35 C. J. 1134, §§ 370, 371.

In Scales v. Locke, 96 Okla. 226, 221 P. 737, the court had under consideration section 9747, C.O.S. 1921 (amended, sec. 12757, O. S. 1931, 68 Okla. Stat. Ann. § 393), which provided that the owner of land sold for taxes "or any person having legal or equitable interest therein" could redeem under certain circumstances. The court cited with approval the rule stated in 37 Cyc. 1383, (61 C. J. 1245, § 1690), as follows:

"As a general rule any person may redeem land from a tax sale who has an interest in the property which would be affected by the maturity of the tax title in the purchaser. This includes a lessee of the premises. . . ."

It was held that a lessee in possession had such interest as would entitle him to redeem under the statute. The rule was stated as follows:

"A lessee of real property who is in possession, whether as a lessee for life, years, or at will, has such an interest in the property as will entitle him to redeem, as provided in section 9747, Comp. Stat. 1921."

See, also, McAfee v. Vahlberg, 180 Okla. 563, 71 P. 2d 953.

There is such a slight difference between the rights of a tenant at will and one at sufferance the above rule will not be materially enlarged or extended by including therein a tenant at sufferance.

We therefore hold that the owner of land in possession who continues to occupy the same adversely to the purchaser at a legal sale under mortgage foreclosure and upon whom no demand for possession has been made by the legal owner, is a tenant at sufferance, and as such tenant is entitled to redeem the land from tax sale under the provisions of section 14 of the 1939 Act, supra.

As stated above, plaintiffs attempted in good faith to redeem the land in the manner provided by the 1939 Act, and the county treasurer refused to issue redemption certificate. This is not disputed. Plaintiffs' right to redeem was not lost by the expiration of the time, since he had made bona fide effort to redeem in the time allowed by law and was prevented from so doing by the acts of the treasurer. The rule is stated in 61 C. J. 1290, § 1794, as follows:

"It is the duty of the proper officers to impart correct information to those seeking to redeem from tax sales, and an owner does not lose his right to redeem by permitting the appointed time to elapse, or paying less than the proper amount, or otherwise failing to comply with the directions of the statute, when this was caused by the fraud of a public officer, or by the latter's inability to furnish necessary information, or by his mistake, negligence, or miscalculation, or by misleading advice given by him; no act of misconduct by him can prevent the redemption."

In Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544, it was held under similar circumstances that the bona fide attempt of the taxpayer to pay his taxes created sufficient right to cancel a resale tax deed on the land without regard to the one-year statute of limitations. While that case arose under a different statute, the facts and circumstances there involved and those in the instant case are somewhat analogous, and sufficiently so to warrant our consideration of the holding therein as having some weight here.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.