RICHISON, Adm'x, v. GARLAND, County Treas., et al.

No. 30680. March 23, 1943.

*135 P. 2d 969.*

E. O. Clark, of Stigler, for plaintiff in error.

Wm. G. Stigler, Omar M. Hudson, and Graham Holmes, County Atty., all of Stigler, for defendants in error.

CORN, C. J. This is an appeal from a judgment of the district court of Haskell county denying the application of plaintiff for a writ of mandamus to compel the county treasurer of that county to issue a certificate of redemption from taxes.

The parties will be referred to as they appeared in the trial court, the plaintiff in error as plaintiff and the defendants in error as defendants.

For many years the land involved in this action, being 120 acres in Haskell county, had been owned in fee simple by plaintiff's father, and at his death the fee-simple title thereto had become vested in her and her mother by the devise of her father. At the death of plaintiff's mother, on July 2, 1938, plaintiff as her sole and only heir at law thereupon became and was at the time of the resale thereof the full, legal, and equitable owner of the entire and absolute interest and estate in fee simple therein.

In 1939 plaintiff was in possession of this land by her tenant, Barney E. Queen, and his subtenant, but plaintiff had not paid the taxes thereon, which then amounted to $781.36, and it was sold at the 1939 tax resale to Haskell county for that amount. On October 21, 1939, it was sold at a county commissioners' sale to the defendant Roy E. Bishop for $122.

On the first Sunday in November, 1939, the defendant J. D. Bishop—to whom this land was thereafter on May 20, 1940, deeded by the other defendant, Roy E. Bishop, his son—went to the home of the plaintiff at Bokoshe, in LeFlore county, Okla., to see her about securing from her a quitclaim deed of the land. She was away from home, but he talked to her husband, the witness Everett Richison, who informed him that his wife, the plaintiff, was going to redeem the land and that they would not sell it.

On November 29, 1939, the plaintiff called at the office of the defendant county treasurer in Stigler, Haskell county, Okla., to redeem the land and offered and tendered in cash and currency to him $126.88, a sum sufficient to take care of the amount for which the land was sold at the county commissioners' sale, the costs of listings, the costs of advertising both the resale and commissioners' sale, the cost of the resale and commissioners' deeds and the recording thereof, plus penalty and interest; but the defendant county treasurer refused to accept said sum or to issue a certificate of redemption of the land from the tax resale.

The land was rented in 1939 by plaintiff for the year of 1940 to the witness Barney E. Queen, who was occupying it by his tenant in the spring of 1940 preparatory to the tenant's making a crop thereon, when the defendant J. D.

Bishop forcibly moved into the tenant's house on the premises and compelled the tenant without process of law to vacate the house and land.

Thereafter, on January 31, 1941, plaintiff commenced this mandamus proceeding against the defendant Ray Garland, county treasurer of Haskell county, to compel him to issue a certificate of redemption upon the payment by plaintiff of the $126.88, and joined the said J. D. Bishop and Roy E. Bishop as parties defendant.

On March 12, 1941, the defandants filed their answer to the petition, and as the decision of the court below turned solely on the statute of limitations, the pertinent part of said answer is in words and figures as follows:

"That said defendants state the plaintiff as an individual and as administratrix with the will annexed of the estate of M. Van Matre, deceased, is barred by the statute of limitations of the State of Oklahoma in maintaining this action."

To which answer the plaintiff, on April 10, 1941, filed her reply, which omitting the caption and subscription is in words and figures as follows:

"1. That she denies each and every allegation in said defendants' separate answer filed herein; that plaintiff further states in this connection that the defendants, Roy E. Bishop and J. D. Bishop, and particularly J. D. Bishop, were wholly responsible for any delay in the commencement of this action, in that they, and particularly J. D. Bishop, represented to plaintiff, her agents and servants, that the controversy would be adjusted amicably without necessity of suit."

On May 8, 1941, this cause was tried to the court without a jury and the court found that plaintiff's cause of action was barred by the statute of limitations and that the writ of mandamus should be denied.

The commissioners' deed of the land to the defendant Roy E. Bishop was dated October 21, 1939, the tender and request of plaintiff for a certificate of redemption of the land involved from taxes was made on November 29, 1939, to the defendant county treasurer, and denied on the same day and the denial thereof indorsed thereon by the treasurer.

In Henry v. Brown et ux., No. 30307, decided by this court on January 27, 1942, 190 Okla. 109, 121 P. 2d 594, the second paragraph of the syllabus reads:

"The right of one who is authorized to redeem land from tax resale under the S. L. 1939, 68 Okla. Stat. Ann. § 432m, is not lost by lapse of the redemption period where the bona fide effort of the taxpayer to redeem in due time has been prevented by the acts of the officer whose duty it is to accept payment of the taxes and issue redemption certificate."

The plaintiff within the time required by law made every effort possible to redeem the land involved from the sale, and as appears from the findings of the trial court the judgment against the plaintiff was grounded solely on the short statute of limitations.

The judgment is reversed, with directions to the trial court to grant the writ.

GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.