SALVADOR VIVÓ VILELLA, Plaintiff, Cross-Defendant, and Appellee, *v.* JOSÉ MEDINA, Defendant, Cross-claimant, and Appellant.

No. 9193. Argued December 26, 1945.—Decided March 29, 1946.

*Enrique Igaravídez* for appellant. *Pedro Juan Alcalá* and *Godofredo M. Gaetán Barbosa* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The property involved in this action of revendication, while it belonged to the Banco Industrial, was sold by the Collector of Internal Revenue of Lares on January 29, 1941, for the payment of taxes for the years 1934–35 to 1938–39. José Collazo appeared at the tax sale and purchased it on behalf of Catalina Vélez de Sosa, who lived in Collazo's house, for the sum of $93.78, which was the amount of taxes due, and a certificate of purchase was issued on February 19 following. Since the Banco Industrial had left no one in charge of the premises, the purchaser immediately took possession thereof.

Upon the certificate of purchase being presented in the registry, the registrar refused to record it on the ground that the property was encumbered by a mortgage in favor of the holder of a mortgage note, and that it did not appear from

said certificate that the holder had been notified of the distraint proceeding. The purchaser abided by the decision of the registrar and the Collector gave notice by publication to the holder of the note. After the notices were published and after the statutory period, counted from the last publication, had expired, without the holder of the note having paid the taxes, the collector delivered to the purchaser, Catalina Vélez de Sosa, a new certificate dated August 21, 1941, wherein the purchase price was fixed in the amount of $97.78. The former certificate was returned to the collector who canceled it and the new one was timely presented and recorded in the registry of property. On July 14, 1942, that is, within a year after the issuance of the second certificate, Pedro Juan Alcalá, on behalf of the Banco Industrial, appeared before the Collector of Internal Revenue of Lares and, asserting that the purchaser of the property had refused the tender of redemption money, deposited with the collector, according to the liquidation prepared by the latter, the amount of $115.38 which included $97.78 for taxes and $17.60 as interest thereon from the time of the tax sale until the redemption, at the rate of 12 per cent per annum. On that same day the collector wrote to Catalina Vélez de Sosa, c/o José Collazo, notifying her that the property had been redeemed and that the amount of $115.38 was at her disposal in the office of the collector for the next ten days, after which the deposit would be sent to the Treasury Department where she could obtain it. The certificate of redemption was presented in the registry on September 14, 1942, and the entry was made on October 1 following. After the title to the property had been recorded in the registry in the name of Banco Industrial de Puerto Rico, the latter, through its receiver, Francisco Font Manzano, sold it for $850 to Salvador Vivó Vilella, plaintiff herein, by a deed of September 14, 1942, before Notary Pedro Juan Alcalá, which was presented in the registry of property on the very day of its execution and recorded on October 1 following. Notwithstanding the fact that the property had

been sold to plaintiff and recorded in his name on the above-mentioned date, Catalina Vélez de Sosa, by a deed No. 143 of December 10, 1942, before Notary Salvador Vilella, sold it to the defendant, who was the person in charge of the property and at that time was in possession thereof.

In order to recover this property Salvador Vivó brought this action of revendication against José Medina Ríos. The lower court rendered judgment sustaining appellee's complaint, and it is from this judgment that Medina has taken the present appeal.

■■ Appellant contends that the lower court erred in deciding that the redemption took place within the statutory period of one year. In support of his theory he alleges that the certificate of sale issued on February 19, 1941, was valid, and that, therefore, when the property was redeemed before the Collector of Internal Revenue of Lares on July 14, 1942, the period of one year had long expired. The alleged validity of the certificate of sale of February 19, 1941, is predicated upon plaintiff's contention to the effect that the Banco Industrial itself had been owner of the note payable to bearer and that the property had been adjudicated to it in payment thereof, for which reason, it was not necessary to publish the edicts in order to notify the alleged holder of the note.

From the certificate of the registrar of property (defendant's exhibit "L") it appears that in fact the property was adjudicated to the bank in payment of the note in question, and that the mortgage securing it had not been canceled in the registry because the note had not been duly *canceled* when presented, as required by § 82 of the Mortgage Law. But in the present case Catalina Vélez de Sosa abided by the decision of the registrar with respect to the first certificate of sale and accepting it as void returned it to the collector. Since a certificate could not be lawfully issued without notifying the persons who held interests in the property, edicts were published for this purpose and on August 21, 1941 the new certificate was issued. It is from this latter date that the

period of redemption began to run. Section 315 of the Political Code; *Moraza* v. *Registrar*, 45 P.R.R. 808; *Cantre* v. *González*, 55 P.R.R. 193. Consequently, the redemption effected on July 14, 1942, took place within the statutory period of one year.

■■ Appellant urges that the redemption was also void on the following grounds: (*a*) Because no tender of payment was previously made to the purchaser, Catalina Vélez de Sosa; (*b*) because the collector was not the officer with whom the deposit should have been made; and (*c*) because the amount delivered by the Banco Industrial to the collector as redemption money was incomplete, inasmuch as it did not include the amount of certain taxes on the property which had been paid by Catalina Vélez de Sosa.

It appears from the record that Attorney Pedro Juan Alcalá, together with Mr. Carlos D. Espinet, acting Collector of Internal Revenue of Lares, visited José Collazo's house for the purpose of tendering the redemption money to Catalina Vélez de Sosa, and that Collazo, who as we have seen had purchased the property in the name of this lady, refused to let them make any tender to her, for which reason the money was deposited with the Collector of Internal Revenue of Lares.

Under § 349 of the Political Code, in force at the time the distraint proceeding had begun, where the purchaser refused to receive the redemption money, the owner was authorized to deposit it with the registrar of property of the municipality within which the property was located; but when § 349 was amended on April 14, 1941, the collectors of internal revenue where the property is located were authorized to receive the redemption money and to issue the corresponding certificate. Appellant urges that since the distraint proceeding was commenced under the law existing prior to 1941, the procedure set forth in said law should have been followed and, consequently, it was the registrar and not the collector of internal

revenue with whom. the redemption money should have been deposited. Section 349 of the Political Code is of a procedural character, since it provides the remedy for making the deposit and it is a well-settled rule of statutory construction that statutes of a procedural nature have retroactive effect, unless it clearly appears that it was the legislative intent to make them prospective only. *Mason* v. *White Star Bus Line,* 53 P.R.R. 320 and *Royal Bank* v. *Tax Court, ante,* p. 324. This legislative intent does not appear from § 349 of the Political Code and, it being so, the representative of the Banco Industrial acted correctly in offering the redemption money to the collector of internal revenue and the latter in issuing the corresponding certificate of redemption.

Lastly, the fact that the Banco Industrial had failed to refund a certain amount of taxes paid by Catalina Vélez de Sosa[1] did not invalidate the certificate of redemption, for the Banco Industrial paid the amount which the collector of internal revenue required him to pay. The fact that the collector for some reason or other should have committed an error in making the computation[2] does not prejudice the bank. *Henry* v. *Brown,* 121 P. (2d) 594 (Okla. 1942), and Annotation in 118 A.L.R. 578.

The judgment must be affirmed.

---

[1] It appears from the record that when the bank learned of these tax payments it tendered them to her but she refused to accept the payments.

[2] It appears from the record that these taxes were paid in the Treasury Department in San Juan and such payment does not appear in the files of the Collector of Internal Revenue.