SHORES, Justice.
On October 20, 1978, Treetop Enterprises, Inc. (hereinafter “Treetop”), leased for 15 years a lot from Gabe J. Tolan for the purpose of placing an advertising sign on it. Tolan mortgaged the property and assigned the right to collect rents from Treetop to Citizens Bank and Trust Company as security for a $75,000 loan. Tolan defaulted on the loan and the bank foreclosed on May 9,1985. At the foreclosure sale, Treetop bid $20,000 and paid the Bank $65,000 for an assignment of the bank’s right to collect rent under its assignment of the lease. The amount paid by Treetop satisfied Tolan’s indebtedness to the bank.
*255 On September 10,1985, Tolan brought an action against Treetop to redeem the property from the foreclosure sale. The court held that Tolan could redeem his property if he reimbursed Treetop $21,835.65, which was the amount (plus interest) that Treetop had paid to the bank at the foreclosure sale. Having redeemed his property, Tolan had the right to receive rents pursuant to the original lease agreement. Because Treetop had paid $65,000 in rent to the bank, Tolan was not entitled to receive further rents until the amount due surpassed $65,000.
On September 22, 1987, Treetop and Nathaniel P. Harris, Jr., president of Treetop and personal guarantor of the lease, brought an action for declaratory judgment against Tolan and Arthur K. Lowen, now the owner of the property. The court held that Treetop and Harris must account to Tolan for all rental payments from May 1, 1985. On November 9, 1990, after Treetop and Harris had complied with the order for an accounting, the court held that Tolan and Lowen were entitled to periodic rental payments after the accrual of $65,000 plus 6% interest, and that $25,671.39 in periodic rental payments had accrued but had not been paid. The court ordered that Treetop and Harris pay $25,671.39 and ordered the lessee to resume making monthly rental payments for the remainder of the 15-year term. Treetop and Harris appeal. We affirm.
The facts are not disputed. The only issue is whether the trial court erred as a matter of law in holding that once the lessee had incurred rental obligations that exceeded the $65,000 it had paid to the bank for the bank’s assignment to it of the right to receive the rents, the lessor was again entitled to receive rents until the expiration of the lease term. We hold that the trial court correctly held that the lessor was entitled to rental payments, including those accrued but unpaid, until the lease term expires. 52 C.J.S. Landlord & Tenant § 522 (1968). The fact that at the foreclosure sale the lessee purchased the land and the right to receive its own rents did not vitiate the lessee’s obligation to pay rent on the premises during the lease term. 52 C.J.S. Landlord & Tenant § 528(2). Once Tolan reimbursed Treetop for the amount it had paid the bank, Tolan was reinstated as lessor and had the right under the lease to collect rents. The only issue was 'whether the rents had exceeded $65,000, the amount Treetop had paid the bank. The judgment ordering that Treetop pay $25,671.39 in rent to Tolan is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.